(61 Misc. Rep. 474.)

### BOON et al. v. CASTLE et al.

(Supreme Court, Trial Term, Oneida County.    December, 1908.)

1. WILLS (§ 88*)—DISTINGUISHED FROM OTHER DISPOSITIONS.

An owner of land executed a deed to his nephew, with a provision that the title should not pass until the grantor's death, and that in the meantime the rents and profits should belong to the grantor, who should have exclusive control of the property until his death, when it should pass absolutely to the grantee, subject to all incumbrances and taxes and to the grantor's debts, the payment of which was made a charge on the land. *Held* an attempt at testamentary disposition, and therefore without effect as a deed and void.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 208; Dec. Dig. § 88.*]

2. DEEDS (§ 154*)—CONSTRUCTION—CONDITIONS PRECEDENT.

Where an owner of land executes a deed to his nephew, providing that title should not pass until the grantor's death, and that in the meantime the grantor should have control of the property, with a right to the rents and profits, with a provision that the property should be subject to the grantor's debts and funeral expenses, which were made a lien on the property, it is not a present grant of a future estate.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 487; Dec. Dig. § 154.*]

Action by James Boon and others against George E. Castle and others to set aside a deed.   Judgment for plaintiffs.

Cookinham, Sherman & Cookinham, for plaintiffs.

A. S. Malsan (G. C. Morehouse, of counsel),.for defendants.

W. E. Seavey, special guardian.

DEVENDORF, J.   The plaintiffs allege that on the 9th day of November, 1905, George W. Boon died intestate at Utica, leaving as his only heirs at law the plaintiffs herein and several defendants; also that the said deceased, on the 10th day of October preceding his death, executed and delivered to his nephew, the defendant George E. Castle, the deed or instrument in question, which the plaintiffs ask to have adjudged of no effect and void.   It purports to convey upward of $20,000 worth of real estate, and in fact all of the real property owned by the deceased at that time.   That it is a peculiar and unusual form of conveyance, if it is such, must be conceded by all parties concerned.   It follows substantially the form of a warranty deed, and, after the usual covenants of warranty and quiet and peaceable possession, contains the following language:

"This conveyance is made and delivered upon the express understanding and agreement that no title to or interest in any of the foregoing described property shall pass from the grantor, George Boon, above named, to the grantee, George E. Castle, above named, until the death of said grantor, George Boon, and all of the rents and income of said property shall belong to and be the property of said George Boon for and during his entire lifetime, and said grantor, George Boon, shall have the exclusive control, management, and care of all of said described real estate until his death, and upon the death of said George Boon, grantor, said grantee shall become under this conveyance the absolute owner in fee simple of all of the foregoing described real estate and property, subject to any and all incumbrances and taxes that may be then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon or against the same unpaid, and also subject to all the debts and funeral expenses of said grantor, George Boon, the payment of all of which debts and funeral expenses are hereby made a charge and lien upon all of the foregoing real estate."

The first question which presents itself in this case is the effect of the language above quoted. The plaintiffs claim that it is an attempted testamentary disposition of property, and, as it is not executed as such, as required by law, is void; while the defendants say that said language is repugnant to the grant, and, being a part of the habendum of the deed, must necessarily yield to the positive granting clause preceding it, or, at most, if a construction is to be placed thereon in favor of the deceased or his estate, it can be but to the extent of a reservation, and that the instrument must be construed to be an absolute transfer of the property described therein to the grantee, with a reservation to the grantor to hold and use during his natural life. Defendants therefore claim that it was the intention of the parties to reserve to the grantor the life use of the premises, and that the instrument, giving it the view most favorable to the grantor, or his estate, does no more than that.

I think the language is not ambiguous and speaks exactly the intention of the parties to the instrument. Had it been the agreement that there was to be a life estate reserved to the party of the first part, the draftsman could easily have said so in a very few words. There was evidently an intention of the parties, well understood by him, to do something different from that, and to reserve more than a life use to the grantor. Words were used, it seems to me, specially apt for that purpose. It is stated in the instrument that it is made and delivered upon the express understanding and agreement that no title to or interest in any of the property shall pass from the grantor until his death, and he shall have the exclusive control until his death, and that upon the death of the grantor, the grantee shall become, under the conveyance, the absolute owner in fee simple of the property, which he would then take subject to any and all incumbrances and taxes that may be then upon or against the property, and also subject to the debts and funeral expenses of the grantor, which were made a lien upon the real estate.

Unequivocal language was used to express the intention of the grantor, and to state when the property was to pass from his control and ownership to the grantee. It is impossible to obtain any language from the deed which will justify the court in construing its provisions into a reservation to the grantor for a life use only of the premises. It is not within the power of the court to give to the grantee a greater estate than is clearly expressed in the language of the deed. The interest and title which the grantee could take was not in præsenti. The grantor could have conveyed and reserved a life use to himself. The title then would have vested in the grantee subject to the life estate. This clearly was not the intention, nor does the instrument create such an ownership, because it expressly provides "that no title to or interest shall pass * * * until the death of the grantor." It was "made and delivered" upon that express agreement, and hence

no title or interest passed to the grantee, and therefore the whole estate was reserved to and remained in the grantor.

An absolute conveyance could have been executed and placed in escrow, to be delivered at Boon's death, or on the happening of a future event, at which time the subsequent delivery would revert back to the delivery in escrow. This was not done, and was not intended, because the grantor evidently desired to absolutely retain the property to himself, and to provide, further, that any mortgages which might be on the property at the time of his death should be a lien and charge thereon. Any mortgages which were on at the date of the execution of the instrument were already liens thereon, and would continue as such; and the reference to the mortgages which might be upon the premises at the date of his death was absolutely unnecessary, unless he understood that he had the right to mortgage during his life. There was no estate reserved or created to sustain a future estate. Boon attempted to convey the fee, to take effect at his death, and to retain to himself the absolute ownership of the property during his life. I have come to the conclusion, therefore, that the defendants' contention that there was a reservation of but a life estate to Boon must fail.

The next proposition is whether the language above given is repugnant to the grant and is inoperative. I think the position of the defendants in that regard cannot prevail. The language in question does not bring this case within the scope of the authorities cited by the defendants' counsel. It is true there is in the instrument what may be considered an absolute conveyance of the property before the clause in question is reached; but I think the instrument as a whole should be taken and construed together. Certainly in that way we can arrive at the true intention of the parties. The grantor uses language which, if undisturbed or qualified, would have conveyed the fee immediately upon the execution of the instrument to Castle; but, following that conveyance, he says in clear and explicit language that the instrument is made and delivered upon the express agreement that no title or interest is to pass to the grantee until the death of the grantor, and uses other language, above referred to, which fixes it definitely that no title or interest is to vest until the grantor's death. I think this language is not repugnant to the grant in the sense urged by the counsel; but it fixes the time when the transfer is to take effect. The language is no more repugnant to the grant than the reservation of a life estate would be.

In such cases the deed usually contains language of an absolute grant, which may be followed by a few words, in substance, that the first party reserves the use of the premises during his natural life, which, undoubtedly, are not repugnant to the grant and effectually reserve to the grantor a life use of the premises. In this case positive and explicit language was used to reserve the whole estate and title absolutely to the grantor until death, and to withhold all title and interest from the grantee until that event. I am of the opinion, therefore, that Boon did not convey all this considerable property absolutely to Castle, which he certainly did if the clause in question is adjudged repugnant to the grant. In my view of the case, I cannot make that disposition of it.

Therefore, having reached the conclusion that it was not a life estate which Boon reserved to himself, but that it was the fee, and that the language under consideration is not repugnant to the grant, I come to the third and last question as to the validity of the deed. It will be observed that there was no agreement on the part of the grantee to pay the incumbrances, taxes, debts, and funeral expenses; but they were simply made a lien and charge on the property. That language, therefore places no personal obligation upon the grantee, and cannot be invoked by him as a consideration which could give force or effect to the instrument after the death of Boon in Castle's favor. He did not, at the time of the execution of the instrument, or in contemplation thereof, pay any money, incur any obligation, or part with anything of value. Equities were not created at that time in his favor. The deed, if it stands, must do so by its own strength. In my opinion, it must fail, because it did not convey a present interest in the property and is clearly an attempt at testamentary disposition.

Although the testator, through some want of information or for other reasons, prepare his will similar to a deed, as if he seal it, which is not essential to a will, or if it in other particulars resemble a deed, it is not in any particular of the same nature as a deed, and will have no validity or operation as a deed. 1 Jarman, Wills (5th Am. Ed.) 35. The distinguishing feature of a will is that it is not to take effect except upon the death of the testator. If the instrument is not to have any operation until after death, then it is a will, notwithstanding that it may have been executed in pursuance of a previous promise or obligation upon its face. Matter of Diez, 50 N. Y. 88; Matter of Emmons, 110 App. Div. 701, 96 N. Y. Supp. 506. In respect to dispositions of property which are not to have any effect except upon the death of the owner and are revocable, the party making such dispositions is confined to a will. Sullivan v. Sullivan, 161 N. Y. 554, 558, 56 N. E. 116; Gilman v. McArdle, 99 N. Y. 451, 461, 2 N. E. 464, 52 Am. Rep. 41.

In the case at bar the operation of the instrument or deed was postponed until after the death of the grantor. No interest vested under it in the grantee. The grantor did not part with control over the property. The delivery did not pass a present conveyance or interest or title in the land. No effect was to be given to the transaction until after the death of the grantor. There was no value parted with by the grantee, or promise made on his part, in consideration of the grantor's executing the deed. The transaction had many of the circumstances and features usually surrounding the execution of a will. There was not a gift in this transaction, either inter vivos or causa mortis. To constitute a valid gift of either kind there must be a renunciation by the donor and an acquisition by the donee of all interest in and title to the subject of the gift. Curtiss v. Barrus, 38 Hun, 165; Young v. Young, 80 N. Y. 422, 36 Am. Rep. 634; Kirk v. McCusker, 3 Misc. Rep. 278, 22 N. Y. Supp. 780.

I have come to the conclusion that the deed in question was executed for the purpose of taking the place of a will, and is an attempt at testamentary disposition in that way. It is therefore inop-

erative as a deed and is without effect and void. Having made this
disposition of the case, it is unnecessary to pass upon the question of
undue influence. Findings and conclusions may be prepared accord-
ingly, and judgment will enter against the defendant George E. Castle
for costs.

Judgment accordingly.