EARL L. STOUTENBURG, Plaintiff, *v.* ABIGAIL STOUTENBURG and Others, Defendants.

Supreme Court, Special Term, Ulster County, April 28, 1941.

*Martin F. Comeau*, for the plaintiff.

*Roscoe V. Ellsworth*, for the defendants.

MURRAY, J. This action is submitted to the court for judgment upon a stipulation of admitted facts in accordance with article 15 of the Real Property Law of the State of New York. The plaintiff demands judgment against defendants, that the plaintiff has good and valid title to the said premises described in the complaint, and that any claim of the defendants in said premises be declared invalid, void and without right, that the defendants be barred from all claim to such property and enjoined from taking possession of or entering upon said premises, and that plaintiff have such other and further relief as may be just and equitable.

A recital of the facts involved is necessary. One Alice Stoutenburg was the owner of fifty-five acres of land in Ulster county, N. Y., on which there was a farm house of the approximate value of $2,500. Alice Stoutenburg resided upon such farm with her son, Edward B. Stoutenburg, and his wife and their children, such residence beginning about the year 1918. On August 12, 1924, Alice Stoutenburg delivered and executed to her son, Edward B. Stoutenburg, a deed to these farm lands, which was duly recorded in the office of the clerk of the county of Ulster, the parts of said deed important to this action reading as follows: " doth hereby grant and release unto the said party of the second part, his heirs and assigns forever, subject to the life estate of the party of the first part and reservation hereinafter expressed all * * *." Then a description of the lands is contained therein and the deed continues: " Together with the appurtenances and all the estate and rights of the party of the first part in and to said premises from and after the life estate of the party of the first part which is hereby reserved." The habendum clause of said deed then recites: " To have and to hold the above granted premises unto the said party of the second part, his heirs and assigns forever, beginning and from the decease of the party of the first part. It being the purpose and intention hereby that the party of the first part shall retain and reserve the absolute title and possession of the said premises during her natural life and at and after her decease the title, ownership and possession of said premises hereby granted shall then devolve upon and pass to the party of the second part, his heirs and assigns." Then the deed provides: " And the said party of the first part doth covenant with the party of the second part as follows: First, that the party of the second part shall quietly enjoy the said premises after the decease of the party of the first part."

After the execution and delivery of such deed, Alice Stoutenburg continued to live on said farm as before with her son, Edward, his wife and their children. On February 26, 1938, Edward B. Stoutenburg died intestate, leaving the plaintiff herein his son, Earl L.

Stoutenburg, Abigail Stoutenburg, his widow and the eleven other defendants in this action, his children, as his heirs at law and next of kin.

On January 8, 1939, Alice Stoutenburg, the grantor in the above deed, died leaving a last will and testament bearing date September 16, 1938, which said will was duly admitted to probate by the Surrogate's Court of Ulster County on January 30, 1939. The portion of said will material to this action reads as follows:

"*Fifth.* I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, to my grandson, Earl Lucas Stoutenburg, subject to the following conditions:

"a. Earl Lucas Stoutenburg is to pay my grandson, Allen R. Stoutenburg, the sum of Three hundred ($300.00) Dollars which is to be charged upon the real estate.

"b. Abigail Stoutenburg, the widow of my son, Edward B. Stoutenburg, is to have the right to live at the homestead so long as she remains the widow of my son, Edward B. Stoutenburg."

It is admitted in the stipulation of facts that Abigail Stoutenburg, the widow of Edward B. Stoutenburg, continued to reside on said farm with her children, six of whom are infants, until the month of November, 1939.

Under these facts, the plaintiff urges that the deed to Edward B. Stoutenburg is inoperative and void, because of the stated intention of the grantor in the habendum clause to retain and reserve the *absolute title and possession* during her natural life and after her decease the title, ownership and possession of the premises to *then* devolve upon and pass to the party of the second part, his heirs and assigns. Plaintiff insists that the deed is an attempted will, and sought to convey the fee to take effect at the death of the grantor and to retain to herself the absolute ownership of the property during her life. That such deed is ineffectual as a valid grant and that the will of the same grantor dated September 16, 1938, and duly admitted to probate must be controlling as to the vesting of such real property. In support of these contentions the plaintiff relies mainly upon *Boon* v. *Castle* (61 Misc. 474) and *Butler* v. *Sherwood* (114 id. 483; affd., 233 N. Y. 655).

This court, in the exercise of its equitable conscience, cannot agree with the position assumed by the plaintiff in this action. A reading of the instrument as a whole bespeaks clearly the intention of the grantor by the execution and delivery of the deed to transfer the absolute title to the property in fee simple to the grantee, Edward B. Stoutenburg, subject only to the life estate to be reserved in the grantor. There was a delivery of the deed and possession by the grantee which was continued equally with the

possession of the grantor in accordance with the life estate reserved to herself. Such construction is supported by the admitted important facts that the execution of the deed was the natural act of a mother to her son and his family; that there is no intimation of fraud or duress surrounding such execution; that there was a delivery of the deed and continuance of possession by both parties in complete accord with the execution of the deed and the intention of a grant in fee with the reservation of a life estate; that the grantor in this deed performed no act for a period of fourteen years and until after the death of her son that would show the slightest variance from her original intention in the execution of the deed.

Further, this interpretation and construction of the instrument is not unreasonable or strained, if the instrument is read as a whole in an honest attempt to perceive the intention of the parties, particularly the grantor, as expressed by the draftsman of the deed. The words " subject to the life estate of the party of the first part and reservation hereinafter expressed," contained in the granting clause, together with the words in reference to the transfer of appurtenances, estate and rights stating " from and after the life estate of the party of the first part which is hereby reserved," clearly show an absolute transfer with a reservation of a life use. The words in the habendum clause to the effect that the grantor shall retain and reserve the absolute title and possession during her natural life seem to be further cautionary statements used by the draftsman to definitely and without question insure the protection of the life estate reserved by the grantor and specifically set forth twice in the same instrument.

In *Boon* v. *Castle* (*supra*) the court explicitly stated that " Unequivocal language was used to express the intention of the grantor and to state when the property was to pass from his control and ownership to the grantee. *It is impossible to obtain any language from the deed which will justify the court in construing its provisions into a reservation to the grantor for a life use only of the premises.*" (Italics mine.) May it be said that the same situation exists under the facts in this action together with the two references contained in the deed to the reservation solely of a life estate to the grantor?

*Butler* v. *Sherwood* (*supra*) is clearly distinguishable by a reading of the instrument in question in that case stating: " This conveyance and transfer are made upon the condition that the party of the second part, my husband, survive me and the same is intended to vest and take effect only upon my decease, and until said time, the same shall be subject to revocation upon the part of the party of the first part." Such statement shows that the decision in such

case was based upon statements vastly dissimilar to the instrument in this action.

It must also be noted that the words " reservation, reserve and retain " are used throughout the deed from Alice Stoutenburg to Edward B. Stoutenburg. Equally important is the fact that the words of reservation of the absolute title and ownership in the grantor are set forth in the habendum clause of the deed.

An exception and a reservation differ. A reservation takes back something already granted and concerns something issuing out of an estate. An exception concerns part of an estate and indicates that that contained in it was never granted. (*Allen* v. *Trustees of Great Neck Free Church*, 240 App. Div. 206; affd., 265 N. Y. 570; *Blackman* v. *Striker*, 142 id. 555; *Lembeck & Betz Eagle Brewing Co.* v *Rosenstein*, 168 App. Div. 563, 565.)

In the absence of certain provisions in a deed, where the habendum clause is repugnant to the granting clause, the habendum clause yields. (*Allen* v. *Trustees of Great Neck Free Church, supra; Kenney* v. *Wallace*, 24 Hun, 478, 480; *Craig* v. *Well*, 11 N. Y. 315, 321; *Anderson* v. *Thompson*, 240 App. Div. 770; 18 C. J. 333.)

Therefore, upon the particular facts submitted herein, it is the judgment of this court that the deed construed in its entirety must be declared operative and valid, and as legally expressing the true intention of the parties to transfer an absolute title in fee simple to the grantee subject to the life estate of the grantor. Judgment is hereby granted dismissing the complaint herein and declaring the deed of Alice Stoutenburg to Edward B. Stoutenburg, his heirs and assigns, valid and that thereunder the plaintiff and defendants are the owners of the lands described in said deed as tenants in common, subject to the dower rights of the defendant, Abigail Stoutenburg.