■ LEFKOTHEA CHRISTOU, Respondent, v GEORGE CHRISTOU, Appellant, et al., Defendants. — Order entered May 15, 1984 reversed, on the law, without costs, and defendant George Christou's motion granted. Appeal from order entered September 11, 1984 dismissed as moot. Memorandum: Special Term erred in refusing to grant defendant's motion for summary judgment. Plaintiff's action to enforce an oral contract to convey real property is barred by the Statute of Frauds (General Obligations Law § 5-703 [3]). Nor were there sufficient facts to come within the exception permitting enforcement of the agreement where there has been part performance (General Obligations Law § 5-703 [4]). "There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership * * * 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance'" (*Burns v McCormick,* 233 NY 230, 232, quoting *Woolley v Stewart,* 222 NY 347, 351). In the instant case, plaintiff and her husband, who had been residing at the property and paying half the mortgage and real estate taxes, began paying the full amount after plaintiff's brother-in-law, whose name appeared on the deed, moved out of the residence. Although this alleged part performance might be consistent with an agreement to convey, it is not unequivocally so. It is equally consistent with a landlord-tenant relationship, and the payment of taxes and the mortgage could be considered rent for the use of the land (*Wilson v La Van,* 22 NY2d 131, 134-135).

Nor has plaintiff established the elements of a cause of action for a constructive trust. The gravamen of a complaint for a constructive trust is a transfer in reliance on a promise which is thereafter not fulfilled (*McGrath v Hilding,* 41 NY2d 625, 628).

The 1981 agreement involved no transfer by plaintiff. The complaint alleges that defendant George Christou gave up his interest in the New York Bakery in exchange for defendant James Christou giving up his interest in Rose Hill. The complaint concedes that the New York Bakery property had been owned by James, George, and Paul Christou. Plaintiff was not an owner in that property, and thus James' agreement to relinquish his interest in Rose Hill in exchange for acquiring sole title to the bakery did not involve any "transfer" by plaintiff.

Any constructive trust allegedly arising out of the February 1977 transaction was barred by the six-year Statute of Limitations (*Scheuer v Scheuer,* 308 NY 447).

All concur, except Hancock, Jr., and Schnepp, JJ., who dissent and vote to affirm in the following memorandum.

Hancock, Jr., and Schnepp, JJ. (dissenting). In our opinion, there is enough in the record to create a triable issue as to plaintiff's claim for imposition of a constructive trust (CPLR 3212 [b]). In her verified complaint plaintiff alleges that she had invested $2,000 in the bakery property at the time of its acquisition and that in 1981 she and her now-estranged husband, defendant George Christou, agreed to relinquish their interest in the bakery to George's brother, defendant James Christou, in exchange for James transferring his share in the ownership of the farm to plaintiff and George. Likewise, in her reply affidavit she states that James admitted to her on two occasions that he agreed in the fall of 1981 with George that he was to deed the farm to plaintiff and her husband, in exchange "for *our agreement* to relinquish all of *our interest* to him in the New York Bakery" (emphasis added). Thus, there is evidence that the transfer of the bakery to James in 1981 included a transfer of the interest of plaintiff as well as that of George. That plaintiff was not a record title holder of the bakery property is not determinative since an action for a constructive trust may be predicated on the loss of her equitable interest (*see, Rogers v Rogers,* 63 NY2d 582, 586). Moreover, plaintiff had an equitable interest resulting from her $8,000 initial investment in the farm property made in 1977 and her payment of part of the principal installments due on the farm mortgage both before and after the 1981 agreement. Subsequent to said 1981 agreement, under which James promised to convey the farm to plaintiff and George in return for the bakery property. James refused to convey the farm and allegedly delivered an unrecorded deed of that property to defendant Lena Christou, mother of George and James. George has refused to join with plaintiff in her efforts to enforce the 1981 agreement. As a result of the allegedly un-

lawful conduct of James and George in concert with their mother Lena in putting the farm in Lena's name in abrogation of the 1981 agreement, plaintiff has been deprived of her equitable interest in the farm as well as in the bakery and some or all of the defendants have been unjustly enriched (*see generally, Coco v Coco,* 107 AD2d 21).

Defendants point out that the Statute of Limitations would be a bar to any action based on the prior agreement made in 1977, contemporaneously with her $8,000 investment, under which James allegedly promised to put the farm property in the joint names of James, George and plaintiff. This is beside the point. That an action on the 1977 agreement would be subject to the affirmative defense of the statute does not extinguish plaintiff's rights arising from her $8,000 investment in the property; the Statute of Limitations only "bars the remedy; it does not impair the underlying right" (*Matter of Paver & Wildfoerster* [*Catholic High School Assn.*], 38 NY2d 669, 676, citing *Johnson v Albany & Susquehanna R. R. Co.,* 54 NY 416, 424; *see generally, Motyl v Motyl,* 35 AD2d 1051; 35 NY Jur, Limitations and Laches, § 7; Siegel, NY Prac § 34). Plaintiff may seek to protect her subsisting interest in the farm from defendants' wrongful conduct by bringing a constructive trust action in equity on the discrete 1981 agreement which is founded on a new and different consideration. (Appeal from orders of Supreme Court, Onondaga County, Inglehart, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.