*1007 OPINION OF THE COURT
Michael A. Ambrosio, J.
This action commenced to determine ownership claims to 529 Saratoga Avenue in Brooklyn, New York pursuant to article 15 of the Real Property Actions and Proceedings Law. Dulcelyne Henriquez, personally and as administratrix of the estate of Jose Macho, and others move for summary judgment to dismiss the complaint on the grounds that (1) the lease agreement dated May 29, 1994 is insufficient to convey the premises and is not valid as a deed and (2) the lease agreement is insufficient to convey the premises as a contract for sale. Plaintiffs, Judith Abbey, Myrtle Abbey-Moss and Alicia Jordan-Abbey, claim a contractual right to the premises and in the alternative contend that the lease agreement constitutes a grant by deed.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law. Sufficient evidence must be tendered to eliminate any material issues of fact from the case (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). To defeat the motion for summary judgment, it is incumbent upon the opposing party to submit admissible evidentiary facts rebutting the prima facie showing and demonstrating the existence of a triable issue of ultimate fact (Indig v Finkelstein, 23 NY2d 728, 729 [1968]). Based on their submission, defendants have met this burden. Plaintiffs have failed to raise questions of fact in opposition to defendants’ prima facie showing that the lease agreement failed to lawfully convey the premises.
In 1990, plaintiffs moved into the premises and became tenants and housemates of Jose Macho (decedent). Decedent and plaintiffs orally agreed that plaintiffs would pay decedent $700 for monthly rent. Decedent moved out of the premises in 1992, at which time he assented to a written agreement with plaintiffs for a two-year rental term of $700 per month. On May 29, 1994, plaintiffs and decedent entered into a standard form lease agreement that contained the following clause: “IN THE EVENT OF JOSE MACHO’S DEATH, THE PREMISES AT [529] SARA-TOGA AVENUE IN BROOKLYN, BECOME THE SOLE PROPERTY OF JUDITH ABBEY, MYRTLE ABBEY-MOSS AND ALICIA JORDAN-ABBEY. NO ONE (HEIRS OR OTHER WISE) CAN CLAIM SAID PROPERTY.”
The lease term did not specify an ending date but inserted the word indefinitely. The monthly rent was listed as $1,000 for a total yearly rent of $12,000. Plaintiffs, decedent and one wit *1008 ness, Valentine Rivera, signed the lease agreement. Under Real Property Law § 232 “[a]n agreement for the occupation of real estate in the city of New York, which shall not particularly specify the duration of the occupation, shall be deemed to continue until the first day of October next after the possession commences under the agreement.” On October 1, 1994, the lease agreement expired and a month-to-month tenancy was in effect until the time of decedent’s death around September 1995. Plaintiffs paid the property taxes and homeowner’s insurance on the premises and made the requisite $1,000 monthly payments from May 29, 1994 until decedent’s death. Plaintiffs have continuously lived at the premises from May 1994 until present.
Contrary to plaintiffs’ contention, the lease agreement cannot be construed as a contract for the sale of real property. To construe the lease as a contract for the sale of the premises, the document “must state the entire agreement with such certainty that the substance thereof will appear from the writing alone. It must designate the parties, identify and describe the subject matter, and state all of the essential terms of a complete agreement” (Schuman v Strauss, 139 AD2d 502, 503 [1988], quoting Tamir v Greenberg, 119 AD2d 665, 666 [1986]). The lease agreement omits essential terms such as a sale price, closing date and quality of title to be conveyed. While plaintiffs argue that the law may imply some of the omitted terms, the lease agreement cannot be viewed as a sales contract where the document is merely indicative of a lease. Furthermore, the alleged sales contract is entitled “lease agreement” and monthly rent cannot be used as a formula to determine a sale price. “The law is well settled that clear and unambiguous terms in a lease should be interpreted in their plain, ordinary and nontechnical sense and circumstances extrinsic to the agreement should not be considered when the intention of the parties can be ascertained from the four corners of the instrument” (New York Overnight Partners v Gordon, 217 AD2d 20, 27 [1995]). Nothing in the body of the lease agreement indicates that the $1,000 was for anything other than the monthly rent. Plaintiffs do not point to information embedded in the four corners of the document that converts the standard lease agreement into a contract for the sale of real property.
Plaintiffs alternatively claim that the lease agreement effected an inter vivos transfer, while defendants maintain that the lease agreement amounts to a failed testamentary disposition. The court finds the latter to be true. Dispositions of prop *1009 erty, which are not to have any effect except upon the death of the owner and are revocable, confine the party that makes the disposition to a will (Boon v Castle, 61 Misc 474 [1908], citing Sullivan v Sullivan, 161 NY 554 [1900]). The clear intent of the decedent was to leave plaintiffs the premises at his death. The chosen mechanism to convey the premises was not an inter vivos gift as plaintiffs argue, but a testamentary device that must meet the requirements of a will in order to be legal (Gruen v Gruen, 68 NY2d 48 [1986]). Conversely, an inter vivos gift requires that the donor intend to make an irrevocable present transfer of title or ownership. It is evident from the terms of the lease agreement that nothing prevented decedent from selling the premises, thereby destroying any notion of an indefeasibly vested interest. The court finds that no interest in the premises was conveyed to plaintiffs during decedent’s lifetime. The failure to procure two attesting witnesses as required for the execution of a will renders the testamentary device for the premises invalid (EPTL 3-2.1).
Finally, plaintiffs raise a restitution claim for expenditures made under the mistaken belief that they were the true owners of the premises. This court does not need to reach the issue because unjust enrichment was not pleaded in the original complaint.
For the foregoing reasons, defendants’ motion for summary judgment is granted.