(January 23, 2007)

■ Judith Abbey et al., Appellants, v Dulcelyne Henriquez et al., Respondents. [828 NYS2d 539]—

In an action pursuant to RPAPL article 15 to quiet title to

real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Ambrosio, J.), dated June 9, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the writing at issue did not constitute an enforceable contract for the sale of real property under the statute of frauds (*see* General Obligations Law § 5-703 [2], [3]), since the instrument failed to set forth numerous essential terms of such an agreement (*see Walentas v 35-45 Front St. Co.*, 20 AD3d 473 [2005]; *Checkla v Stone Meadow Homes*, 280 AD2d 510 [2001]; *O'Brien v West*, 199 AD2d 369 [1993]). Moreover, the plaintiffs' allegations of part performance, even if substantiated, were insufficient to avoid the application of the statute of frauds, since they were not unequivocally referable to a contract of sale (*see generally Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 [1999]; *Wilson v La Van*, 22 NY2d 131, 134-135 [1968]; *Burns v McCormick*, 233 NY 230, 232 [1922]; *Christou v Christou*, 109 AD2d 1058 [1985], *affd* 65 NY2d 853 [1985]). Rather, the allegations were more consistent with the performance of a written lease of the premises entered into by the plaintiffs, which included an invalid testamentary disposition whereby the lessor sought to leave the premises to the plaintiffs upon his death. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In view of the foregoing, we do not reach the defendants' alternative contention. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur. [*See* 12 Misc 3d 1006 (2006).]