Keating, J.
On April 20, 1947 William Wilson and Robert and Hazel La Van allegedly entered into an oral contract for the conveyance of a certain farm property owned by the La Vans. The property consisted of some 171 acres containing a main residence and garage, a tenant house, a large barn, a shed, a packing house, slaughterhouse and orchards. Under the terms of the agreement Mr. Wilson was to take possession of the property, maintain the buildings, pay the taxes and make the mortgage payments. The La Vans agreed to convey all but approximately one acre of the property, upon which stood the main residence and garage which they occupied, after the mortgage obligation was satisfied.
In accordance with the terms of the purported agreement, Mr. Wilson took possession of the property in 1947 and farmed and operated it for his exclusive benefit. He paid the taxes and by 1960 had paid off the mortgage. During that same period, he also made many improvements on the property. After the mortgage was paid off Wilson allegedly made numerous demands for the deed to be conveyed to him. The La Vans refused, but Wilson continued to work the farm, make improvements, install equipment and pay the taxes. Finally in 1965 Wilson commenced this action for specific performance of the oral contract. The defendants denied the making of the contract and, as an affirmative defense, pleaded the Statute of Frauds (General Obligations Law, § 5-703, subd. I).[1]
The Supreme Court (Niagara County) granted the relief requested and the Appellate Division unanimously affirmed. The defendants appeal by leave of this court.
*134 The issue presented by this appeal is whether the courts below were correct in rejecting the defense predicated upon the Statute of Frauds and granting the plaintiff’s prayer for specific performance of the oral agreement.
There is no question that, under certain circumstances, a court will enforce an oral contract for the conveyance of real property. The principles governing the application of the doctrine of part performance in the area of real property were authoritatively determined in Burns v. McCormick (233 N. Y. 230, 232) where Judge Cabdozo, speaking for the court, wrote: “ Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance [1] unequivocally referable ’ to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. ‘ An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance ’ (Woolley v. Stewart, 222 N. Y. 347, 351). What is done must itself supply the key to what is promised. It is not enough that what is promised may give significance to what is done. ’ ’
Since Burns v. McCormick (supra) the courts of this State have, as one commentator has noted, ‘ ‘ been most faithful in the application of the unequivocally referable rule ” (Gilbride, The Part Performance Exception In New York, 26 Brooklyn L. Rev. 1, 2, 4, 8; see Gracie Sq. Realty Corp. v. Choice Realty Corp., 305 N. Y. 271; Rosen v. 250 West 50th St. Corp., 296 N. Y. 567 ; George v. Dobson, 287 N. Y. 675; Neverman v. Neverman, 254 N. Y. 496; Sleeth v. Sampson, 237 N. Y. 69; Kezer v. Seely, 236 N. Y. 567).
We believe that, in the case at bar, the part performance alleged in support of the plaintiff’s request for equitable relief is not sufficient to overcome a defense predicated upon the Statute of Frauds.
The part performance is not “unequivocally referable ” to an agreement to convey. While it is consistent with such an agreement, it is equally consistent with a landlord-tenant relationship. A lessee of the property who derived his livelihood *135 from working the farm might have been as likely to make such improvements and purchases as an owner would. (Cf. Roberts v. Fulmer, 301 N. Y. 277.) Similarly the mortgage and tax payments could be considered as the plaintiff’s rent for the use of the land. In fact, the plaintiff’s total expenditures for taxes, mortgage and improvements during the period in which he had exclusive control of the farm were $1,500 less than the established fair rental value of the property. And plaintiff listed his expenditures for the payment of taxes and the mortgage as rent on his income tax returns. Under all these circumstances, we believe that the plaintiff failed to establish part performance sufficient to overcome the defense of the Statute of Frauds.
We would note in conclusion, as the defendants concede, that the plaintiff would be entitled to reimbursement for any improvements made in reliance upon the oral contract which enhanced the value of the property. (2 Corbin, Contracts, § 434; Foreman v. Foreman, 251 N. Y. 237; Leary v. Corvin, 181 N. Y. 222.) Whether an oral agreement was in fact entered into is, of course, a question of fact which has been resolved in the plaintiff’s favor by the courts below. (Leary v. Corvin, 181 N. Y. 222, 230, supra.) Since the trial court did not consider the plaintiff’s alternative request for “such other * * * relief * * * as [it] may seem just ’ ’ we remand the case for such consideration.
The order of the Appellate Division should be reversed, without costs, and the case remanded to the Supreme Court for further proceedings in accordance with this opinion.

. The statute provides in pertinent part that “An estate or interest in real property * * * cannot be created, granted, assigned, surrendered or declared, unless * * * by a deed or conveyance in writing ”.