■ WILLIAM LAWLOR et al., Respondents-Appellants, v DENNIS LAND DEVELOPMENT CO., INC., Appellant-Respondent.—Cross appeals (1) from judgments of the County Court of Saratoga County, entered March 14, 1979 and

April 3, 1979, upon a verdict at a Trial Term, and (2) from an order of said court, entered April 3, 1979, which denied cross motions to set aside the verdict. In 1970, plaintiff William Lawlor became employed by defendant, the owner and operator of McGregor Links Country Club in Wilton, New York. He was offered the position of golf professional by defendant's president, George J. Dennis, but the terms of his engagement were never reduced to writing, although such a request was made by plaintiff. The actual employment commenced in the spring of 1971 and was terminated by plaintiff on September 17, 1974. Among other things, plaintiff was paid a salary of $3,000 per year plus 40% of the gross receipts from golf cart rentals. He was provided with a pro shop for the conduct of his business, and was supplied with a rent-free residence on which he was to pay the utilities, upkeep and repairs. He alleged that while the employment agreement was on a year-to-year basis, the occupancy of the residence included an option to purchase it when defendant exercised its option to buy the premises upon which the residence was situated. He further contended that it was the expectation of ultimately acquiring the residence which induced him to enter the contract of employment. In reliance thereon, he and his wife made substantial improvements to the premises, including considerable rewiring, the installation of closets, wall to wall carpeting, cabinets, plumbing facilities and other items beyond normal upkeep and repair, for which he sought reimbursement in this action. Defendant, on the other hand, denied there was any agreement granting plaintiff any type of option to purchase the property. At most, he would be given an opportunity to be considered as a possible buyer in the event defendant offered the premises for sale at some future date. Moreover, in its answer, it set up the affirmative defense of the Statute of Frauds (General Obligations Law, § 5-703, subd 1) and counterclaimed for the reasonable rental value of the premises from September 17, 1974 to the date plaintiffs surrendered possession. The jury found for the plaintiffs in the sum of $3,700, and for the defendant on its counterclaim in the sum of $900. In our view, there should be an affirmance. The jury accepted the evidence offered by plaintiffs and, by its verdict, has determined that there was an agreement between the parties as testified to by plaintiffs. It has also properly determined that plaintiffs, in reliance on the oral agreement, were entitled to be reimbursed for the improvements made by them which enhanced the value of the premises (cf. *Wilson v La Van,* 22 NY2d 131, 135). Judgments and order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.