■ VINCENT KING et al., Appellants, v FLOYD L. BOWDY et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered December 31, 1979 in Saratoga County, which granted a motion by defendants for summary judgment dismissing the complaint. Plaintiffs, the owners of summer cottages erected on piers on the lands of defendants Floyd and Norma Bowdy, commenced this action for a judgment declaring that they possess permanent easements to maintain their summer cottages

and improvements upon the lands of said defendants based upon an alleged oral agreement with Luther Bowdy, the father of defendant Floyd Bowdy, to the effect that they could retain their cottages on the Bowdy land so long as an annual rent was paid. Defendants Floyd and Norma Bowdy entered into a contract with defendant General Electric Company to sell their land, and, on November 28, 1978, caused a notice to be served upon plaintiffs to quit and vacate the premises as of May 31, 1979. The complaint also alleges that plaintiffs have made substantial improvements upon the land in reliance upon the alleged oral easement. The answer denies the material allegations of the complaint, and alleges as an affirmative defense section 5-703 of the General Obligations Law, commonly known as the Statute of Frauds. The Bowdys also assert that plaintiffs are upon the premises as tenants under a year-to-year tenancy. The answer contains a counterclaim alleging that plaintiffs have held over after the termination of their tenancies, and owe the Bowdys a reasonable rental for the period from May 31, 1979 to the present time, and a further counterclaim alleging damages in the sum of $2,000 for removal of the structures, if they are not removed by plaintiffs. The plaintiffs' reply to the counterclaims also alleges a counterclaim to the effect that they have been unlawfully deprived of the use and occupancy of their personal property located at the campsite, since they have been barred from entering the premises. Special Term dismissed the complaint and severed the counterclaims and reply thereto for trial. The order of Special Term should be affirmed. An easement is an interest in real property which cannot be created by parol agreement. Similarly, if the alleged agreement is construed as a lease, it would be void since the term is for a period of more than one year (General Obligations Law, § 5-703; *Geraci v Jenrette,* 41 NY2d 660). Although, under the circumstances, partial performance may be sufficient to take the alleged oral contract out of the Statute of Frauds, such partial performance must unequivocally refer to the alleged oral agreement. An act which admits to an explanation without reference to the alleged oral contract is not such a partial performance sufficient to take the oral agreement out of the Statute of Frauds *(Wilson v La Van,* 22 NY2d 131; *Thomas v McCurdy & Co.,* 58 NYS2d 552). As stated by Special Term, "all of the acts relied upon by the plaintiffs are equally consistent with a year-to-year tenancy as with an easement in perpetuity." Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.