■ JOSEPH R. ONORATO, Appellant, v PETER N. LUPOLI et al., Respondents.—In an action, *inter alia,* for specific performance of an alleged oral agreement to convey a parcel of real property, the plaintiff appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated June 17, 1986, as granted those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's first and second causes of action for specific performance, and denied the plaintiff's motion for leave to amend his complaint to add a cause of action for imposition of a constructive trust, and, (2) from an order of the same court dated November 19, 1986, which granted the defendants' motion, *inter alia,* for cancellation of the lis pendens filed by the plaintiff on the subject property, subject to certain conditions.

Ordered that the order dated June 17, 1986, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 19, 1986, is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

New York's Statute of Frauds provides, in pertinent part, that a contract for the sale of real property is void unless memorialized in a writing subscribed by the party to be charged *(see,* General Obligations Law § 5-701 [a]; § 5-703 [2]). The law further provides that part performance of an oral contract for the sale of real property can remove it from the bar of the Statute of Frauds and give rise to a cause of action for specific performance *(see,* General Obligations Law § 5-703 [4]). However, it is well settled that in order to come within the exception permitting enforcement of an oral agreement based on part performance, "[t]here must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership * * * 'An act which admits of explanation without reference to the alleged oral contract or a contract of the same general nature and purpose is not, in general, admitted to constitute a part performance' " *(see, Burns v McCormick,* 233 NY 230, 232, quoting *Woolley v Stewart,* 222 NY 347, 351).

In the instant case, the plaintiff and his wife exchanged residences with his wife's brother and each lived in the other's home for almost two years. Each party paid the mortgage and taxes on the residence lived in, but took tax deductions on the other residence. Although the plaintiff allegedly expended some $5,000 to $10,000 on maintenance, repairs and improvements on his brother-in-law's property during the nearly two years he and his family lived there, such expenditures are not "unequivocally referable" to and do not prove the existence of an oral agreement to convey that property. Such expenditures may be satisfactorily explained by the plaintiff's desire to improve the surroundings in which he and his family were to live *(see, Liebowitz v Mingus,* 100 AD2d 816). Likewise, the fact that the plaintiff made mortgage, taxes and other payments on the property during the period in which he resided in his brother-in-law's house, could be considered as rent for the use of the property, just as the defendant Lupoli's payment of the mortgage and taxes on the plaintiff's home could be considered as rent for the use of that property *(see, Wilson v La Van,* 22 NY2d 131; *Christou v Christou,* 109 AD2d 1058, *affd* 65 NY2d 853). Thus, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment with respect to the first and second causes of action for specific performance.

Furthermore, the court did not err in denying the plaintiff's

motion to amend his pleadings to add a cause of action for the imposition of a constructive trust. It is well established that in order to impress a constructive trust, the following elements must be established: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) a breach of the promise, and (5) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119; *Scivoletti v Marsala,* 97 AD2d 401, *affd* 61 NY2d 806). Thus, while the Statute of Frauds will ordinarily prevent enforcement of an oral agreement to convey an interest in land, a constructive trust will be impressed when an unfulfilled promise to convey an interest in land induces another, in the context of a confidential or fiduciary relationship, to make a transfer resulting in unjust enrichment *(see, McGrath v Hilding,* 41 NY2d 625). "A constructive trust will be imposed where property is *parted with* on faith of an oral or implied promise to reconvey, 'but none may be imposed by one who has no interest in the property prior to obtaining a promise that such interest will be given to him' " *(see, Scivoletti v Marsala, supra,* at 402, quoting from *Matter of Wells,* 36 AD2d 471, 474, *affd* 29 NY2d 931). In the instant case, even affording the plaintiff a liberal reading of his proposed pleadings, and drawing all favorable inferences therefrom *(see, 291 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506; *Rovello v Orofino Realty Co.,* 40 NY2d 633), the plaintiff has failed to establish all of the necessary elements for a constructive trust. Clearly the plaintiff has failed to establish that he had a prior interest in the subject property, nor has he established the existence of an oral promise to convey title to the property.

Lastly, with respect to the court's order canceling the plaintiff's notice of pendency on the property in question, we find that since the plaintiff has failed to state a cause of action for specific performance, it was appropriate for the court to cancel the lis pendens filed against the property *(see, Riina v Bitterlich,* 114 AD2d 1023). Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.