■ In the Matter of IRA LEFTON, Respondent. CLINTON BEDELL, Appellant. (Matter No. 1.) CLINTON BEDELL, Appellant, v MYRTLE BEDELL et al., Respondents. (Matter No. 2.)—In a proceeding to confirm a contract of sale of real property executed by Ira Lefton, conservator of Myrtle Bedell, in which Clinton Bedell cross-petitioned to impose a constructive trust (matter No. 1), and in an action brought by Clinton Bedell to impose a constructive trust on that property, Clinton Bedell appeals from so much of an order of the Supreme Court, Suffolk County (Meade, J.), dated March 16, 1989, as granted the conservator's motion for summary judgment in both matters dismissing the cross petition in matter No. 1 and dismissing the appellant's complaint in matter No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

In matter No. 1, Ira Lefton, as conservator of the property of the conservatee Myrtle Bedell, sought confirmation of a contract of sale of real property owned by the conservatee. The appellant, the conservatee's son, opposed that application, alleging the subject real property is not owned by the conservatee but rather by him as beneficiary of a constructive trust. The appellant also commenced a separate action (matter No. 2) demanding that the conservator convey to him the real property, and alleging that the property was held in constructive trust for him at all times since November 1963.

The appellant's parents, Sylvannus Bedell and his wife Myrtle, purchased the subject real property located 311 Cambon Avenue, St. James, New York, as tenants by the entirety in 1958. Since November 1963 the appellant and his family resided at that house. Sylvannus Bedell died on November 7,

1977, and a conservator, the defendant Ira Lefton, was appointed for Myrtle Bedell by court order entered March 22, 1985.

The appellant alleges that in 1963 his parents asked him to move in with them. He and his wife agreed in order to permit his parents to live in their home in dignity in their old age. The appellant states that had he not moved in with them, his parents would not have been able to meet the expenses necessary to maintain the real property or otherwise meet their basic living expenses. The appellant's father, in the presence of the appellant's mother, the conservatee, and the appellant's wife, continually told the appellant "This house is now yours".

On appeal, the appellant contends that the facts he alleges give rise to triable issues regarding whether there exists a constructive trust on his behalf over the subject premises. We disagree. The conservator has made a prima facie showing of entitlement as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from this case (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851; see also, *Fox v Wyeth Labs.,* 129 AD2d 611).

Although a writing is not required in an action seeking to impress a constructive trust (General Obligations Law § 5-703 [1]; *Vanasco v Angiolelli,* 97 AD2d 462) the following four requirements must be present: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119; *Gargano v V.C.J. Constr. Corp.,* 148 AD2d 417).

The conservator concedes that a confidential relationship existed between the appellant and his parents. However, accepting the truth of the appellant's allegation that his father promised to convey the house to him, his father's interest in that house was that of tenant by the entirety. Upon his father's death in 1977, the surviving spouse, the conservatee, owned the house (see, *Kahn v Kahn,* 43 NY2d 203, 207). Nothing in the record shows that the conservatee made any promises regarding the appellant's rights over the subject real property.

In any event, the appellant would still have to show that he, in reliance on the promise, made transfers which unjustly benefited the conservatee. "Although a constructive trust may be imposed where property is parted with in reliance upon a promise to reconvey, 'none may be imposed by one who has no interest in the property prior to obtaining a promise that such

an interest will be given to him' " *(Gargano v V.C.J. Constr. Corp., supra,* at 419; *Schwab v Denton,* 141 AD2d 714). The record before us fails to indicate that the appellant had any prior interest in the subject premises which he conveyed to his parents in reliance upon their promise to reconvey. Moreover, his expenditures to improve and maintain the subject premises may be satisfactorily explained by his desire to improve the surroundings in which he and his family lived. Likewise, the fact that he made mortgage, tax and other payments on the property during the time he resided there could be considered as rent for the use of the property *(see, Onorato v Lupoli,* 135 AD2d 693). Although the appellant's father and his mother, the conservatee, may have in fact intended that he have the house, "[c]ourts have uniformly held that a constructive trust is a ' "fraud-rectifying" remedy rather than an "intent-enforcing" one' " *(Binenfeld v Binenfeld,* 146 AD2d 663, 664).

Affording the appellant a liberal reading of his papers and drawing all favorable inferences therefrom *(Onorato v Lupoli, supra),* we find that he has failed to establish all the necessary elements for a constructive trust. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.