■ ANTOINETTE MARINI et al., Respondents-Appellants, v VIN-CENT LOMBARDO, Appellant-Respondent, et al., Defendants. [912 NYS2d 693]—

In an action for ejectment and to recover damages for nonpayment of use and occupancy, the defendant Vincent Lombardo appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered March 20, 2009, as, after a nonjury trial, dismissed his counterclaims to impose a constructive trust upon certain real property and to recover damages for wrongful eviction, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same judgment as dismissed their cause of action to recover damages for nonpayment of use and occupancy.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In January 2002 the defendant Vincent Lombardo (hereinafter Lombardo) commenced a divorce action against his wife, nonparty Anna Lombardo (hereinafter Anna). Since 1994, Lombardo and Anna had resided in a house (hereinafter the subject premises), which during the relevant time period was owned solely by Anna's mother, the plaintiff Antoinette Marini (hereinafter Antoinette), who had purchased the subject premises in 1993. In March 2002 Antoinette conveyed ownership of the subject premises to a newly created revocable trust entitled the Pietro Marini and Antoinette Marini Revocable

Grantor Trust (hereinafter the Trust). On or about September 30, 2002, Pietro Marini and Antoinette (hereinafter together the Marinis), as trustees of the Trust, served Lombardo with a 30-day notice of termination directing him to vacate the subject premises by October 31, 2002. The Marinis subsequently commenced this action against Lombardo for ejectment and to recover damages for nonpayment of use and occupancy. In their amended complaint, the Marinis alleged that they only permitted Anna and Lombardo to live at the subject premises to assist them, with no intent to convey the premises to them. In his amended answer, Lombardo asserted, inter alia, counterclaims to impose a constructive trust on the premises and to recover damages for wrongful eviction.

By judgment entered March 20, 2009, after a nonjury trial, the Supreme Court awarded the Marinis a judgment of eviction, dismissed their cause of action to recover damages for use and occupancy, and dismissed all of Lombardo's counterclaims. Lombardo appeals only from the dismissal of his counterclaims to impose a constructive trust on the premises and to recover damages for wrongful eviction, and the Marinis cross-appeal only from the dismissal of their cause of action to recover damages for nonpayment of use and occupancy. We affirm the judgment insofar as appealed and cross-appealed from.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *O'Brien v Dalessandro*, 43 AD3d 1123, 1123-1124 [2007]).

A constructive trust is an equitable remedy (see *Simonds v Simonds*, 45 NY2d 233, 241 [1978]) and its purpose is to prevent unjust enrichment (see *Sharp v Kosmalski*, 40 NY2d 119, 123 [1976]). In general, to impose a constructive trust, four factors must be established: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*id.* at 121). However, as these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established (see *Simonds v Simonds*, 45 NY2d at 241; see also *Latham v Father Divine*, 299 NY 22, 27 [1949]).

The Supreme Court correctly found that the first element was satisfied as Lombardo and the Marinis were related through marriage and the Marinis allowed Lombardo and Anna to live

at the subject premises, owned solely by Antoinette, for a number of years (*see Booth v Booth*, 178 AD2d 712, 713 [1991]; *Penato v George*, 52 AD2d 939, 942 [1976]). Even accepting that Lombardo satisfied the second element by demonstrating that the Marinis implicitly promised to convey the premises to him and Anna, Lombardo failed to satisfy the third element, which requires a showing that he acted in reliance on the promise. Where, as here, Lombardo had no actual prior interest in ths subject property, he was required to show that an equitable interest developed through the expenditure of money, labor, and time in the property (*see Washington v Defense*, 149 AD2d 697, 699 [1989]; *see also Lester v Zimmer*, 147 AD2d 340, 342 [1989]). Lombardo failed to meet this burden, as the evidence adduced at trial indicates that many of the improvements Lombardo undertook on the subject premises over the years were principally made for his and Anna's benefit (*see Matter of Lefton [Bedell]*, 160 AD2d 702, 704 [1990]), and the operating expenses he paid over the years could be considered rent for use of the premises (*see Wilson v La Van*, 22 NY2d 131, 134-135 [1968]; *Matter of Lefton [Bedell]*, 160 AD2d at 704; *Onorato v Lupoli*, 135 AD2d 693, 694 [1987]), rather than having been made in reliance on the Marinis' alleged promise to convey.

As to the fourth element of unjust enrichment, "[t]o prevail on a claim of unjust enrichment, a party must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (*Citibank, N.A. v Walker*, 12 AD3d 480, 481 [2004] [internal quotation marks omitted], abrogated on other grounds by *Butler v Catinella*, 58 AD3d 145 [2008]). To prevail on the counterclaim to impose a constructive trust, Lombardo must establish that he conferred a benefit upon the Marinis, and that the Marinis, will obtain that benefit without adequately compensating him therefor (*see MT Prop., Inc. v Ira Weinstein & Larry Weinstein, LLC*, 50 AD3d 751, 752 [2008]; *see Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 600 [2002]). Unjust enrichment occurs when in "equity and good conscience[,]" a party obtains or possesses value that rightfully belongs to another party (*Parsa v State of New York*, 64 NY2d 143, 148 [1984]; *cf. Mente v Wenzel*, 178 AD2d 705, 706 [1991]). Here, contrary to Lombardo's contention, the Marinis were not unjustly enriched by the appreciation of the subject premises over the years, even to the extent that such appreciation resulted from Lombardo's maintenance and improvement of the premises, as they are seeking to retain their own property and, as previously noted, many of the improvements undertaken by Lombardo, e.g., swimming pool,

tile work, interior painting, etc., were principally made for his and Anna's benefit (*see Broadway Cent. Prop. v 682 Tenant Corp.*, 298 AD2d 253 [2002]; *Copland v Summ*, 228 AD2d 409, 410 [1996]; *Mente v Wenzel*, 178 AD2d at 706). Accordingly, the Supreme Court properly dismissed Lombardo's counterclaim to impose a constructive trust.

Since we affirm the Supreme Court's dismissal of Lombardo's counterclaim to impose a constructive trust, Lombardo has not established a right to remain at the premises after November 1, 2002, which was the expiration date of the original notice of termination. Accordingly, the Supreme Court also properly dismissed Lombardo's counterclaim to recover damages for wrongful eviction.

The Marinis seek to recover damages from Lombardo for nonpayment of the value of his use and occupancy of the premises from November 1, 2002, to June 10, 2006, which is the period Lombardo allegedly lived at the premises without their authorization. In support, the Marinis set forth a purported fair market rental value for the premises from November 2002 to June 10, 2006, in the sum of $103,900.

In an ejectment action, a landlord may collect damages for the value of the use and occupancy (*see Rae v Sutbros Realty Corp.*, 6 AD2d 716 [1958]). The value of use and occupancy is the net value that would have been received by the landlord, taking into account the net profit from the rental, along with any maintenance costs that would have been incurred (*id.*). The landlord has the burden of proving the amount owed by the tenant (*see Power Test Petroleum Distribs. v La Marche*, 110 AD2d 893, 894 [1985]). Tax payments and other payments on the property incurred by a tenant could be considered rent for the use and occupancy of a property (*see Wilson v La Van*, 22 NY2d at 134-135; *Matter of Lefton [Bedell]*, 160 AD2d at 704; *Onorato v Lupoli*, 135 AD2d at 694).

The Marinis attempted to establish the fair market rental value of the premises during the period from November 2002 to June 10, 2006, through the use of an appraiser. The Marinis' appraiser used two approaches to determine the rental value of the property. The first approach estimated the market value of the premises on November 1, 2002, calculated the rate of return, and multiplied the rate of return and the market value of the premises on a monthly basis. The second method analyzed the rental value of homes within the New Hyde Park area to determine the rental values on a comparative basis. From this value, the Marinis subtracted $500 per month for Lombardo's monthly payment of real estate taxes.

The Marinis failed to adequately establish the rental amount allegedly owed by Lombardo since they failed to factor in all of Lombardo's contributions from 2002 to 2006 that could be considered rent. Moreover, while the Marinis factored in real estate taxes paid by Lombardo in their calculation of damages, they failed to calculate other expenses that Lombardo continued to make as a condition for living on the premises, which could be considered rental payments. Accordingly, the Supreme Court properly dismissed the Marinis' cause of action to recover damages for nonpayment of use and occupancy.

Lombardo's remaining contentions are without merit. Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.