■ In the Matter of BLANCHE HUNTER, Deceased. JPMORGAN CHASE BANK, N.A., Respondent; MARGARET HUNTER et al., Respondents-Appellants; ERIC T. SCHNEIDERMAN, Respondent. [955 NYS2d 163]—

In a probate proceeding in which JPMorgan Chase Bank, N.A., petitioned to judicially settle its first intermediate account as cotrustee of a testamentary trust, the petitioner appeals from stated portions of a decree of the Surrogate's Court, Westchester County (Scarpino, Jr., S.), dated January 10, 2011, which, upon a decision of the same court dated March 31, 2010, made after a nonjury trial, inter alia, sustained certain objections related to its retention in the subject trust of a concentration of common stock in Eastman Kodak Company, and thereupon imposed a surcharge against it in the total principal sum of $4,322,412.40,

with statutory interest, and the objectants Margaret Hunter and Pomona College cross-appeal from stated portions of the same decree which, inter alia, dismissed certain of their objections related to the petitioner's retention in the subject trust of a concentration of common stock in Eastman Kodak Company, and thereupon imposed a surcharge against the petitioner in the total principal sum of only $4,322,412.40.

Ordered that the decree is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner, JPMorgan Chase Bank, N.A., served as the executor of the estate of the decedent, Blanche D. Hunter, as well as a trustee of two separate testamentary trusts established by the decedent, referred to as the Eighth (A) Trust, and the Eighth (B) Trust. Following the probate of the decedent's last will and testament in 1973, and the settlement of the petitioner's account as executor of the decedent's estate, the subject trusts were funded in 1977 almost entirely with stock in the Eastman Kodak Company (hereinafter Kodak) that was held by the estate. Pursuant to the terms of the trusts, the corpus of the Eighth (A) Trust was transferred to the Eighth (B) Trust following the death of the Eighth (A) Trust beneficiary in 1980. At issue on this appeal is the propriety of the petitioner's management of the Eighth (B) Trust, which was established for the benefit of the decedent's granddaughter, Pamela Townley Creighton, who is now deceased and has been substituted as an objectant in these proceedings by Pomona College, which has obtained a vested interest in the Eighth (B) Trust. We are also asked to determine whether the petitioner violated the prudent-person rule of investment and the Prudent Investor Act (EPTL 11-2.3 [a]) by maintaining a concentration of Kodak stock in the Eighth (B) Trust for more than 20 years, during which period the value of the Kodak stock declined precipitously. Following a nonjury trial on the petition for an intermediate accounting in connection with the Eighth (B) Trust, and the objections filed by the objectants, the Surrogate's Court held that the petitioner violated the prudent-person rule of investment for the accounting period prior to January 1, 1995, as well as the Prudent Investor Act for the accounting period thereafter, by maintaining the concentration of Kodak stock in the Eighth (B) Trust for more than 20 years, and that the petitioner should have diversified the trust portfolio no later than July 31, 1987, by selling at least 95% of the Kodak stock at that time. Accordingly, the Surrogate's Court sustained several objections and dismissed certain others, and imposed a surcharge on the petitioner.

"In reviewing a determination made after a nonjury trial, the

power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (*Marini v Lombardo*, 79 AD3d 932, 933 [2010]; *see Campbell v Campbell*, 50 AD3d 614, 615 [2008]). In exercising this power, we find no reason to disturb the Surrogate's Court's determination that the petitioner violated both the prudent-person rule of investment and the Prudent Investor Act during the relevant time periods by maintaining the concentration of Kodak stock in the Eighth (B) Trust for more than 20 years. Contrary to the petitioner's contention, the record supports the findings made by the Surrogate's Court that the petitioner never formulated any investment plan for the trust that included diversification of the concentration of Kodak stock, that it acted contrary to its own internal policies, which restrict the retention of any one stock unless certain circumstances existed, none of which were present here, and that it failed to establish that it took steps to determine whether it was in the interests of the beneficiaries to retain nondiversified holdings in the trust in light of the purposes and terms of the trust and the provisions of the governing instrument (*see* EPTL 11-2.3 [b] [3] [C]; *Matter of Janes*, 90 NY2d 41 [1997]; *Matter of Saxton*, 274 AD2d 110 [2000]; *Matter of Rowe*, 274 AD2d 87, 90-91 [2000]; *cf. Matter of HSBC Bank USA, N.A. [Knox]*, 98 AD3d 300 [2012], *lv denied* 98 AD3d 1327 [2012]). Accordingly, the Surrogate's Court correctly imposed a surcharge upon the petitioner under these circumstances.

There is no merit the parties' remaining contentions, including those addressed to the amount of the surcharge. Angiolillo, J.P., Balkin, Lott and Roman, JJ., concur.