In an action to impose a constructive trust upon certain real property, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered September 1, 2011, as, upon an order of the same court dated June 6, 2011, granting the defendants’ motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, made at the close of the plaintiffs case at a nonjury trial, is in favor of the defendants and against her dismissing the complaint.
Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
From the time of their marriage in 1985 to the time of their separation in 2009, the plaintiff, Mary E. Henning (hereinafter the wife), and the defendant Walter H. Henning (hereinafter the husband), resided in a home on a parcel of real property located in Kings Park. At the time they took possession, the property was owned by the husband’s mother, Hildegard Henning (hereinafter the mother), who died during the pendency of this action. On July 21, 1993, the mother conveyed legal title to the property to the Henning Family Trust (hereinafter the family trust). Thereafter, beginning in May 2002, the mother and her husband, Walter Henning (hereinafter the father), as trustees of the family trust, executed several deeds conveying ownership interest in the property to the Walter Henning Irrevocable Trust dated May 8, 2002, the Walter Henning Irrevocable Trust dated January 17, 2007, and the Hildegard Henning Irrevocable Trust *779 dated January 17, 2007 (hereinafter collectively the irrevocable trusts).
After the wife and the husband separated, the wife commenced this action to impose a constructive trust on the property, naming as defendants the father individually, the father as executor of the estate of the mother, the family trust, the irrevocable trusts, and the husband. The wife alleged, among other things, that the mother and father had promised to convey the property to her and the husband, that she and the husband had expended significant funds in maintaining and improving the property in reliance on that promise, and that the defendants would be unjustly enriched if permitted to retain the benefit of her expenditures. The mother and father acknowledged that they had permitted the wife and the husband to live in the house rent free, but insisted that they had never told them that the property would be transferred to them.
At the close of the plaintiff’s case at a nonjury trial, the Supreme Court, inter alia, granted the defendants’ motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court stated, inter alia, that it was not convinced that any transfer was intended, that the evidence indicated that the improvements were undertaken principally for the benefit of the wife, the husband, and their children, and that there was no evidence of unjust enrichment, as the money spent on improvements did not approach what the wife would have spent on the purchase, upkeep, and maintenance of her own home. Since the wife failed to meet her burden of establishing the elements of a constructive trust, the Supreme Court dismissed the complaint. The wife appeals.
“ ‘A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which the [trier of fact] could base a finding in favor of the nonmoving party’ ” (PAS Tech. Servs., Inc. v Middle Vil. Healthcare Mgt., LLC, 92 AD3d 742 [2012], quoting C.K. Rehner, Inc. v Arnell Constr. Corp., 303 AD2d 439, 440 [2003]; see Robinson v 211-11 N., LLC, 46 AD3d 657, 658 [2007]). In considering such a motion, “ ‘the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant’ ” (Robinson v 211-11 N., LLC, 46 AD3d at 658, quoting Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).
“A constructive trust is an equitable remedy and its purpose is to prevent unjust enrichment” (Marini v Lombardo, 79 AD3d *780 932, 933 [2010] [citation omitted]). To impose a constructive trust upon real property, a plaintiff must prove: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Marini v Lombardo, 79 AD3d at 933; Losner v Cashline, L.P., 41 AD3d 789, 790 [2007]). These elements, however, serve only as a guideline and a constructive trust may still be imposed even if all four elements are not established (see Marini v Lombardo, 79 AD3d at 933; Simonds v Simonds, 45 NY2d 233, 241 [1978]).
In this case, giving the wife the benefit of every reasonable inference to be drawn from the evidence presented, there was a rational basis upon which the Supreme Court could have concluded that the first element was satisfied, as it is undisputed that the wife was related to the husband and the mother and father through marriage, and that the mother and father allowed the couple to live on the property for a number of years (see Marini v Lombardo, 79 AD3d at 933-934; Booth v Booth, 178 AD2d 712, 713 [1991]). However, even accepting that the wife also satisfied the second element by demonstrating that the mother and father implicitly promised to convey the property to her and the husband, she failed to satisfy the third element, which requires a showing that she acted in reliance on the promise. Because the wife had no actual prior interest in the property, she was required to show that an equitable interest developed through the expenditure of time, money, and labor (see Marini v Lombardo, 79 AD3d at 934; Washington v Defense, 149 AD2d 697, 698-699 [1989]). The wife failed to meet this burden, as the evidence adduced at trial indicated that most of the improvements she undertook on the property over the years were principally made for the benefit of her, her husband, and their children (see Marini v Lombardo, 79 AD3d at 934; Matter of Lefton [Bedell], 160 AD2d 702, 704 [1990]). In addition, the operating expenses she paid over the years could be considered rent for use of the premises, rather than expenditures made in reliance on any alleged promise to convey title to the property (see Wilson v La Van, 22 NY2d 131 [1968]; Marini v Lombardo, 79 AD3d at 934; Onorato v Lupoli, 135 AD2d 693, 694 [1987]).
With regard to the fourth element, unjust enrichment, the wife, in order to prevail on her claim to impose a constructive trust, had to establish that she conferred a benefit upon the defendants and that the defendants would obtain that benefit without adequately compensating her (see Marini v Lombardo, 79 AD3d at 934). “Unjust enrichment occurs when in ‘equity and good conscience^]’ a party obtains or possesses value that *781 rightfully belongs to another party” (id. at 934, quoting Parsa v State of New York, 64 NY2d 143, 148 [1984]). Here, as the Supreme Court properly pointed out, there was no evidence indicating that the defendants were unjustly enriched by the appreciation of the property over the years. The mother and father were seeking to retain their own property and, as noted above, most of the improvements undertaken by the wife were principally made for the benefit of her, her husband, and their children. Moreover, even accepting that the property was improved, the wife failed to demonstrate that such improvements unjustly enriched the defendants, given that the mother and father did not seek, and did not receive, any payments from the wife for her use and possession of the property for nearly 25 years (see Marini v Lombardo, 79 AD3d at 934-935; Broadway Cent. Prop. v 682 Tenant Corp., 298 AD2d 253 [2002]; Mente v Wenzel, 178 AD2d 705, 706 [1991]).
Accordingly, the Supreme Court properly dismissed the complaint. Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.