| |
|---|
| **Edwards v Javash Realty, LLC** |
| 2024 NY Slip Op 32336(U) |
| July 8, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 513726/2023 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 83 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the _8th_ day of _July_ , 2024.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------------X
ORENTON EDWARDS,

                                    Plaintiff,
                    -against-                                    Index No.: 513726/2023

                                                                **DECISION AND ORDER**

JAVASH REALTY, LLC,

                                    Defendants.
--------------------------------------------------------------------------X

The following e-filed papers read herein:                    NYSCEF Doc Nos.

**Mot. Seq. No. 1[1]**
Order to Show Cause/Affirmation/Affidavit/Exhibits . . . . . . . . . . . . .    6 – 9, 18
Memorandum in Opposition/Affidavits/Exhibits. . . . . . . . . . . . . . . .    22 – 32

**Mot. Seq. No. 2**
Notice of Motion/Affirmation/Affidavits/Exhibits. . . . . . . . . . . . . . .    38 – 50
Memorandum of Law in Opposition/Affirmation/Exhibits . . . . . . . . .    68 – 76
Affirmation in Reply/Affidavits/Memorandum/Exhibits. . . . . . . . . . .    77 – 91

Upon the foregoing papers, Plaintiff Orenton Edwards ("Plaintiff") moves, by Order to

Show Cause, for an order, granting a temporary restraining order from any further enforcement of

the warrant of eviction issued in housing court under Index No. LT323025-22KI (Mot. Seq. No.

1). Defendant Javash Realty, LLC ("Javash") opposes Plaintiff's order to show cause and moves

for an order, pursuant to CPLR 3211 (a)(1) and (a)(7), dismissing Plaintiff's second cause of action

for a constructive trust and his third cause of action for an equitable lien on the basis that (a) the

pleadings are conclusory and without necessary detail of facts and circumstances, (b) the pleadings

---

[1] Plaintiff improperly filed reply papers to the order to show cause without seeking leave of court. Accordingly,
NYSCEF Doc Nos. 59 – 67 will not be considered (*see Nanas v Govas*, 2018 NY Slip Op 32676[U], *4 [Sup Ct,
Kings County 2018]).

1

[* 1]

do not state a cause of action, and (c) there is documentary evidence indicating that the alleged promisor had no relationship to Javash (Motion Seq. No. 2).

This action arises out of a claim to property located at 5370 Preston Court in Brooklyn, New York (the "Property"). In his complaint, Plaintiff alleges that Joseph Serpico ("Mr. Serpico") was the managing member of Javash and that Plaintiff took care of Mr. Serpico when he was ill and drove him to doctors appointments. According to Plaintiff, Mr. Serpico orally promised that he would gift the Property to Plaintiff upon his death. Plaintiff alleges that based on this promise, he made improvements to the Property and paid for them out of pocket. Plaintiff claims that Javash is denying the Property to Plaintiff. The complaint asserts three causes of action for unjust enrichment, constructive trust and equitable lien. In housing court, Javash obtained a judgment of possession and warrant of eviction against Plaintiff.

Plaintiff now moves to stay enforcement of the judgment and warrant. Plaintiff argues that he contributed substantial sums to the upkeep and maintenance of the Property. Plaintiff further asserts that he has made out a claim for a constructive trust and thus, there is a likelihood of success on the merits. Moreover, Plaintiff avers that he will lose his life savings that he invested in the Property if he is removed while title is being disputed. Finally, Plaintiff claims that Javash will not be prejudiced by having to wait to sell the Property while a decision on the merits is rendered.

In opposition, Javash contends that Plaintiff previously admitted in writing to not being the owner of the Property. In addition, Javash argues that not only does Plaintiff have no basis to stay the eviction, even if an eviction took place Plaintiff would still be entitled to any potential equitable relief. Javash further argues that Plaintiff is unlikely to ever obtain equitable relief since Mr. Serpico, the individual who allegedly promised a gift, died in 2016 and never had any ownership rights to the Property. Since the Property is a vacant land and photographs show no improvement, Javash asserts that any claims of improvement are illogical.

In its motion to dismiss the second and third causes of action, Javash argues that Plaintiff cannot enforce any claims because he admitted that his only relationship to Javash was through Mr. Serpico, who was neither a member of the limited liability company nor the owner. In support of their motion, Javash submitted affidavits of siblings Anthony Serpico and Heather Serpico. Anthony and Heather Serpico assert that they, together with their brothers Joseph V. and Vincent, each owned a 25% interest in Javash at the time title was acquired in 2002. According to Javash, to prevent potential issues with the vacant lot it agreed to let Plaintiff use the space for his business

2

[* 2]

without paying rent in exchange for keeping it in good shape and preventing others from parking or leaving garbage there. Javash claims that between 2018 and 2020, Plaintiff was asked to leave for doing a poor job three separate times and later returned after asking to be reinstated but never claimed ownership. In 2020, Anthony Serpico asserts that Plaintiff left a voicemail informing him that a man stopped by interested in buying the Property. In 2021, he further asserts that Plaintiff exchanged text messages stating that he would want a lease to the Property until it was sold. These communications, according to Javash, are clear indications that Plaintiff acknowledged he was not the owner of the Property. In 2022, Javash informed Plaintiff that there was a potential buyer and asked Plaintiff to leave. Javash asserts that Plaintiff asked for money, but Javash refused and then filed a holdover proceeding. Javash argues that if Plaintiff performed any upkeep, that cannot be the basis for a claim of ownership. In addition, Javash contends that any upkeep performed was in lieu of rent and Plaintiff never paid for taxes, insurance or other costs. Javash further asserts that a claim for equitable relief fails because money damages would suffice.

In his opposition to Javash's motion, Plaintiff asserts that Mr. Serpico was the sole member of Javash per its Articles of Organization. Moreover, Plaintiff contends that documentary evidence establishes that Mr. Serpico was the sole member as per a letter dated October 29, 2008.[2] Thus, Plaintiff avers that the share certificates issued to the siblings dated October 1, 2008 and the 2005 Schedule K-1 indicating 25% ownership are suspect. Plaintiff further denies sending text messages and voicemails disclaiming ownership interest. With respect to improvements, Plaintiff claims that he installed a six-foot concrete foundation, a container that was converted into a storage unit and office space, metal fences, and a concrete wall. Plaintiff argues that he spent approximately $300,000 on these improvements. Moreover, Plaintiff avers that he was "closely associated" with Mr. Serpico since 2003, but it is only Plaintiff's "fact witness" who provides a timeline about the alleged promise, albeit a vague one. In his affidavit, Mark Jackson, a tradesman and carpenter who allegedly performed work for Mr. Serpico, affirms that Mr. Serpico (a) on "more than a few occasions" stated that Plaintiff would inherit the Property and (b) "reinstated

---

[2] This letter was written by John G. Serpico, Esq. ("John Serpico"), whose prior firm established the entity Javash Realty, LLC in 2002 (NYSCEF Doc Nos. 69, 90). In this letter, John Serpico states that Javash was "owned by Joe initially . . . , but nonetheless it was always Joe and everyone's understanding that it was to be owned by all of you equally" (NYSCEF Doc No. 69).

[*sic*] this several times in [his] presence and in [Joseph V.'s presence] . . . particularly so in the year 2015 and . . . in 2016."[3]

In reply, Javash contends that the record is clear that only the four siblings were members. Javash maintains that Mr. Serpico's son Joseph V. signed the mortgage for the property in 2002 for Javash, signed the membership certificates to his siblings from 2008, and executed a lease in 2009 on behalf of Javash. In addition, John Serpico submitted an affirmation in which he states that Mr. Serpico was never a member and Joseph V. handled all Javash matters, including the closing for the Property.[4] Even if Mr. Serpico was also a member, Javash argues that he could not have unilaterally consented to gifting the Property to Plaintiff. Moreover, Javash argues that Plaintiff's constructive trust claim fails because there is no allegation that Javash wrongly obtained title to the Property in the first place. Javash also argues that Plaintiff's equitable claims fail because the action is premised on a broken promise allegedly made by Mr. Serpico and a promise is unenforceable.

The Court will first address Plaintiff's request for a temporary restraining order. The purpose of injunctive relief is to preserve the status quo while an action is pending (*Moody v Filipowski*, 146 AD2d 675, 678 [2d Dept 1989] [internal citations omitted]). The burden rests on the movant to show: (1) a likelihood of success on the merits, (2) irreparable harm in the absence on an injunction, and (3) a balance of the equities in favor of granting the injunction (*Stockley v Gorelik*, 24 AD3d 535, 536 [2d Dept 2005]; *Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862 [1990]). CPLR 6312 provides that the movant must establish by "affidavit or such other evidence" that there is a cause of action that meets one of the grounds for a preliminary injunction (CPLR 6312 [a]; 6301). "Bare conclusory allegations are insufficient to support a motion for a preliminary injunction" (*Kaufman v Intl. Bus. Machs. Corp.*, 97 AD2d 925, 926 [3d Dept 1983], *affd* 61 NY2d 930 [1984]; *Neos v Lacey*, 291 AD2d 434, 435 [2d Dept 2002]). Even if issues of fact exist, this alone will not warrant the denial of a motion for a preliminary injunction (*Arcamone-Makinano v*

---

[3] The Court notes that Mr. Jackson's affidavit was notarized in Georgia, and it did not include a certificate of conformity as required by CPLR 2309 (c) (NYSCEF Doc No. 73). However, the Second Department has held that "the absence of a certificate of conformity for an out-of-state affidavit is not a fatal defect" (*Fredette v Town of Southampton*, 95 AD3d 940, 942 [2d Dept 2012]).

[4] In his affirmation, John Serpico also attempts to explain the contents of his letter from 2008 (NYSCEF Doc No. 79). According to John Serpico, at the time of the letter all four siblings were considered members, acted as members and handled tax papers as members; nonetheless, Joseph V. had received the membership certificates and had not officially signed off on the papers to formalize this until early October 2008 (*id.* at ¶ 6). In addition, he avers that he called Joseph V. "Joe" as that was how he was known to him (*id.*). The Court notes that the letter is only addressed to Anthony, Heather and Vincent Serpico (NYSCEF Doc No. 69).

[* 4]

*Britton Prop., Inc.*, 83 AD3d 623, 625 [2d Dept 2011]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2d Dept 2006] ["conclusive proof is not required" at the preliminary injunction phase]). Ultimately, the "decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arcamone-Makinano*, 83 AD3d at 625).

The Court turns to Plaintiff's unjust enrichment claim, stemming from Plaintiff's alleged investment in the Property. "To prove unjust enrichment, a party must show that the other party was enriched at his or her expense, and it is against equity and good conscience to permit that person to retain what is sought to be recovered" (*Delidimitropoulos v Karantinidis*, 186 AD3d 1489, 1491 [2d Dept 2020]). In his affidavit in support of his Order to Show Cause, Plaintiff asserts that he put his "life savings into" the Property and "made improvements to many properties close by." It is only in his improper reply papers,[5] that Plaintiff first explains what these alleged improvements were and provides photographs. Plaintiff did not submit evidence of any expenditure on the Property (e.g., receipts, invoices, loans, or bank statements). However, the Court need not determine whether Plaintiff demonstrated a likelihood of success because Plaintiff cannot establish that he would suffer irreparable harm "since money damages would be sufficient to compensate him with respect to this cause of action" (*Kurlandski v Kim*, 111 AD3d 676, 678 [2d Dept 2013]; *Price Paper & Twine Co. v Miller*, 182 AD2d 748, 750 [2d Dept 1992] ["Where . . . a litigant can fully be recompensed by a monetary award, a preliminary injunction will not issue"]).

The Court will address Plaintiff's cause of action for an equitable lien. In his complaint, Plaintiff asserts that in reliance on Mr. Serpico's alleged promise, he made contributions towards the maintenance and upkeep of the Property for approximately eight years but does not provide any supporting documentary evidence. "An equitable lien may be granted in favor of a person who, due to the nature of his or her relationship with a property owner, has relied upon that owner's unfulfilled promise to convey the property, and as a result has expended funds to preserve or improve it in anticipation of the conveyance" (*Rock*, 100 AD3d at 617; *Bolender v Ronin Prop. Partners, LLC*, 168 AD3d 1032, 1035 [2d Dept 2019]). In this case, Plaintiff has not made a strong showing of a likelihood of success on the merits because the parties' submissions indicate that Mr. Serpico had no rights himself to the Property at any time (*Allmacher v Digiacomo*, 153 AD2d 651,

---

[5] "Absent advance permission of the court, reply papers shall not be submitted on orders to show cause" (Uniform Rules for Trial Cts [22 NYCRR] § 202.8-d). Here, Plaintiff did not seek leave of Court to file a reply.

[* 5]

652 [2d Dept 1989]). Moreover, Plaintiff has not established that he would have no adequate remedy at law (*Leibinger-Roberts, Inc. v Leibinger*, 97 AD2d 527 [2d Dept 1983] [preliminary injunction should not be granted where movant did not show that it did "not have an adequate remedy at law in the form of an award of damages"]; *Wolf v Natl. Council of Young Isr.*, 264 AD2d 416, 418 [2d Dept 1999] ["The remedy of an equitable lien is unwarranted where damages lie for unjust enrichment"]).

The Court now turns to Plaintiff's constructive trust claim. In his affirmation in support, Plaintiff's counsel, in a conclusory fashion, states that "Plaintiff has satisfied all factors required for a constructive trust to be imposed." To obtain a constructive trust, a party must establish the existence of (1) a fiduciary or confidential relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*Delidimitropoulos*, 186 AD3d at 1490). In addition, "[a] constructive trust will be imposed where property is parted with on faith of an oral or implied promise to reconvey, but none may be imposed by one who has no interest in the property prior to obtaining a promise that such interest will be given to him" (*Scivoletti v Marsala*, 97 AD2d 401, 402 [2d Dept 1983] [internal quotation marks and citations omitted]). Plaintiff does not allege or establish that he had any interest in the property prior to Mr. Serpico making the alleged promise (*see Scivoletti*, 97 AD2d at 402; *Fedziuk v Conroy*, 199 AD2d 300, 300 [2d Dept 1993]; *Edwards v Walsh*, 169 AD3d 865, 868 [2d Dept 2019]). Nonetheless, where a plaintiff did not transfer title to the defendant, the "transfer in reliance" element may be established if "the plaintiff has provided substantial funds for the maintenance and improvement of the [property]" (*Hairman v Jhawarer*, 122 AD3d 570, 572 [2d Dept 2014]; *Hernandez v Florian*, 173 AD3d 1144, 1145 [2d Dept 2019]; *Rock v Rock*, 100 AD3d 614, 616 [2d Dept 2012]; *Marini v Lombardo*, 79 AD3d 932, 934 [2d Dept 2010] ["Where . . . [party] had no actual prior interest in this subject property, he was required to show that an equitable interest developed through the expenditure of money, labor, and time in the property"]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2d Dept 2006]).

Here, Plaintiff avers that the Property was promised to him at some point by Mr. Serpico and as a result, Plaintiff contributed money to the maintenance of the Property. The Court finds these allegations insufficient to establish a likelihood of success because even if Mr. Serpico made the promise and Plaintiff expended money, the record does not definitively demonstrate that Mr. Serpico owned the Property or had the authority to convey the Property (*Sarker v Das*, 203 AD3d 973, 975 [2d Dept 2022] [preliminary injunction should have been denied where plaintiff failed to

[* 6]

submit "probative evidence demonstrating a likelihood of success on the merits"]; *August v Schwartz*, 50 Misc 3d 1224[A], 2016 NY Slip Op 50253[U], *9 [Sup Ct, NY County 2016] [finding that plaintiff failed to establish likelihood of success on merits of constructive trust claim, in part, because she did not provide evidence of expenses or efforts in maintaining and improving the apartment]).

Accordingly, the Court finds that Plaintiff has not established entitlement to a preliminary injunction and his Order to Show Cause is denied.

The Court will now discuss Javash's motion to dismiss the second (constructive trust) and third (equitable lien) causes of action under CPLR 3211 (a)(1). Pursuant to CPLR 3211(a)(1), a complaint will only be dismissed if there is documentary evidence that "utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (*Granada Condo. III Ass'n v Palomino*, 78 AD3d 996, 996 [2d Dept 2010]). For evidence to be considered documentary, it must be unambiguous, authentic and undisputed (*Fontanetta v Doe*, 73 AD3d 78, 86 [2d Dept 2010] [internal citation omitted]). Therefore, "affidavits, deposition testimony, [and] letters are [not considered] 'documentary evidence' within the intendment of CPLR 3211 (a) (1)" (*Granada Condo. III Ass'n*, 78 AD3d at 997). In an action involving real property, a lease, deed, mortgage, closing statement and a satisfaction of mortgage have been held to constitute documentary evidence (*see Sunset Café, Inc. v Mett's Surf & Sports Corp.*, 103 AD3d 707, 709 [2d Dept 2013]; *Casso v Kaplan*, 16 Misc 3d 1130[A] [Sup Ct, Kings County 2007]).

In support of its motion seeking dismissal under CPLR 3211(a)(1), Javash produced four Schedule K-1s for the tax year 2005, reflecting that the siblings each owned a 25% interest. In addition, Javash produced three membership certificates from 2008, signed by Joseph V. Serpico as managing member to siblings Anthony, Heather and Vincent (NYSCEF Doc No. 46). In his opposition, Plaintiff avers that the membership certificates are false and that the tax documents cannot be true because Mr. Serpico was the sole member of the LLC in 2008. In support of his claims, Plaintiff cites to the Articles of Organization, which according to him, lists Joe Serpico as the sole member. What Plaintiff ignores, however, is that Joe Serpico is listed as the individual to whom the Secretary of State must mail copies of any process against Javash. In fact, the sixth paragraph states that Javash "is to be managed by a class or classes of members," but does not list whom they are. Thus, the Articles of Organization are not the "smoking gun" Plaintiff purports

[* 7]

them to be. There are admitted issues with the creation of the limited liability company and who all the members were at the time of its creation.[6] However, the record reflects that Joseph V. Serpico, Jr. was, at least initially, the sole owner and there is sufficient, admissible documentary evidence[7] that establishes that the siblings, and not Mr. Serpico, were the members at the time of any alleged promises. Consequently, Javash has sufficiently refuted Plaintiff's allegations that Mr. Serpico was the managing member and that he had any right to transfer the Property even if he did make that promise. Plaintiff relies on the Articles of Organization and the affidavits of two individuals with no personal knowledge of the creation and management of the LLC in support of his opposition. These are insufficient to rebut Javash's contentions.

The Court will examine the portion of Javash's motion seeking dismissal of the second and third causes of action pursuant to CPLR 3211 (a)(7). Courts will only grant a motion to dismiss under CPLR 3211(a)(7) if, "taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some cognizable form any cause of action known to our law" (*Rubinstein v Salomon*, 46 AD3d 536, 538 [2d Dept 2007] [internal quotation marks and citations omitted]). A complaint has sufficiently pled a cause of action if "it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and [] the requisite elements of any cause of action known to our law can be discerned from its averments" (*Pace v Perk*, 81 AD2d 444, 449 [2d Dept 1981] [internal citations omitted]). Bare legal conclusions are not presumed to be true or accorded every favorable inference (*Morris v Morris*, 306 AD2d 449, 451 [2d Dept 2003]). Likewise, "factual claims flatly contradicted by the record are not entitled to any such consideration" (*Doria v Masucci*, 230 AD2d 764, 765 [2d Dept 1996]).

In its motion, Javash argues that both causes of action fail for various reasons. First, Javash contends that money damages would suffice. Since the Property is worth millions and Plaintiff's alleged improvements were worth only $50,000 per the complaint, Javash argues that Plaintiff can

---

[6] *See id.*

[7] *See also* the title closing statement listing the purchaser as Javash Realty, LLC by Joseph Serpico, Jr. (NYSCEF Doc No. 81); the mortgage signed by Joseph Serpico as member on behalf of Javash Realty LLC (NYSCEF Doc No. 82); and the one-year lease signed by Joseph Serpico as manager of Javash Realty LLC (NYSCEF Doc No. 87). These documents all bear very similar signatures as the membership certificates, which Plaintiff alleges are purportedly false documents signed by Joseph V. Serpico, Jr. Javash also produced a photograph of Mr. Serpico's cancelled passport with his signature (NYSCEF Doc No. 83). Though the Court does not hold itself out to be a handwriting expert, the Court observes that the signatures on the mortgage and lease are distinctly different than Mr. Serpico's signature in his passport.

[* 8]

be made whole without the necessity of a constructive trust or equitable lien. Second, there was no confidential relationship between Plaintiff and Javash and any claims of a confidential or fiduciary relationship with Mr. Serpico are irrelevant since Mr. Serpico did not own the property. Third, Javash argues that Plaintiff's claim of improvements to the Property are (1) conclusory at best, (2) belied by photographs reflecting broken vehicles occupying the space, and (3) expected as part of Plaintiff's maintenance of the Property he did not pay rent for. The majority of Plaintiff's opposition concerns Mr. Serpico's alleged ownership of the Property. However, Plaintiff does assert that he installed a concrete foundation, installed a container on the foundation, built metal fences, and completed a concrete wall, with such work totally over $300,000.

In regard to the claim for a constructive trust, the Court finds that Plaintiff has failed to sufficiently allege such cause of action. Here, Plaintiff's assertion that Mr. Serpico owned the Property is contradicted by the record (*see Matter of Noble*, 31 AD3d 643, 645 [2d Dept 2006] [finding that plaintiff failed to sufficiently allege a cause of action for a constructive trust because the deed to the property established that it was never owned by the parents when it was conveyed to the brother]). Thus, there can be no claim for a constructive trust when the alleged promisor did not have title to the property at the time the alleged promises were made (*Tichonchuk v Orloff*, 36 Misc 2d 623, 627 [Sup Ct, Queens County 1962]; *see also* Frazier v Barnes, Sup Ct, Bronx County, Oct. 20, 2021, Franco, J., index No. 801362-2021E [complaint fails to state a cause of action for a constructive trust where there is no allegation that a confidential or fiduciary relationship existed, or that promises were made, between the parties]). Thus, Plaintiff has failed to sufficiently plead a cause of action for a constructive trust.

Moreover, the Second Department has previously held that dismissal of equitable lien claims is appropriate where Plaintiff has an adequate remedy at law—money damages for unjust enrichment (*Bennett v John*, 151 AD2d 711, 711 [2d Dept 1989]; *Wolf*, 264 AD2d at 418). On this basis alone, Plaintiff's cause of action for an equitable lien must be dismissed.

Ultimately, while it is undisputed that Plaintiff was given permission to occupy the Property, Plaintiff has failed to make out a prima facie case that he was promised the Property. Even if Mr. Serpico communicated a promise to convey the Property, Mr. Serpico could not convey what he did not own, as is made clear from the documentary evidence.

Accordingly, it is hereby

ORDERED, that Plaintiff's Order to Show Cause seeking a preliminary injunction (Mot. Seq. No. 1) is denied; and it is further

ORDERED, that Defendant's motion for an order dismissing the second and third causes of action (Mot. Seq. No. 2) is granted; and it is further

ORDERED, that at this stage, the Complaint is still viable will respect to the first cause of action for unjust enrichment.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

_____
HON. INGRID JOSEPH, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice