■ MARINE MIDLAND BANK, N. A., Respondent, v VILLAGE LATCH, INC., Appellant, et al., Defendants.—In an action, inter

*alia,* to foreclose a mortgage, the defendant Village Latch, Inc., appeals from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated March 27, 1986, which, *inter alia,* granted the plaintiff's motion for summary judgment and struck the appellant's answer.

Order affirmed, with costs.

The appellant's assertions that the plaintiff waived and/or is estopped from requiring prompt payments are insufficient to raise a genuine issue of fact in view of the plaintiff's documentary evidence in the form of letters over the course of several years which unequivocally stated that if the mortgage remained delinquent beyond 90 days the matter would be referred to counsel to commence foreclosure proceedings. These letters refute the appellant's claim that the plaintiff had agreed to accept payments for January, February, March and April in April and May of each year. Thus, the appellant's claim that its principals left the country in early 1985 in reliance on the alleged "payment pattern" is without merit, and is insufficient to raise a triable issue of fact *(cf. Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175).

We further find that Special Term properly dismissed the appellant's counterclaim alleging abuse of process since it failed to allege any collateral, improper objectives which would support this counterclaim.

The appellant's remaining contention has been considered and found to be without merit. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.