■ FURGANG & ADWAR, LLP, Appellant, v FIBER-SHIELD INDUSTRIES, INC., et al., Respondents. [810 NYS2d 923]—

In an action, inter alia, to recover damages for breach of contract and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated August 23, 2004, which denied its motion for partial summary judgment on its first, third, fourth, fifth, and sixth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff failed to establish its prima facie entitlement to summary judgment on its first (breach of contract), third (quantum meruit), fourth (fraud), fifth (fraud), and sixth (malicious prosecution) causes of action (*see Premier Lincoln-Mercury, Inc. v Alsol Enters., Ltd.,* 11 AD3d 523 [2004]). The plaintiff's assertions in support of its motion were utterly conclusory, lacked evidentiary detail, largely repeated the allegations of the complaint, and failed to address one of its branches of relief sought in its notice of motion, thereby warranting the denial of its motion for summary judgment (*see*

*Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]; *Kotler v Swersky,* 10 AD3d 350, 352 [2004]; *Couch v County of Suffolk,* 296 AD2d 194, 198 [2002]).

Accordingly, it is unnecessary to consider the sufficiency of the opposing papers (*see Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438 [1996]) or the plaintiff's contention that the "Settlement Agreement and Releases" (hereinafter the settlement agreement) with respect to an earlier action involving the parties, entitled *Fiber Shield Industries v Furgang & Adwar, LLP,* filed in the Supreme Court, New York County, under index No. 114877/00, barred the defendants or any one of them from interposing a defense in this action.

On the other hand, we reject, as unfounded in the language of the settlement agreement and the stipulation of discontinuance entered into by the parties in the earlier action, the defendants' request that we search the record (*see* CPLR 3212 [b]) and dismiss, on the ground of res judicata, the plaintiff's complaint other than the sixth cause of action to recover damages for malicious prosecution. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.