JAVIER MORALES et al., Appellants, v COPY RIGHT, INC., et al., Respondents. [813 NYS2d 731]—

In a class action, inter alia, to recover damages for violation of CPLR 8001 (c) and unjust enrichment, and for a judgment declaring that the defendants charged the plaintiffs amounts for photocopies of subpoenaed medical records in excess of those authorized by law, the plaintiffs appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated January 14, 2005, which granted the motion of the defendant Chartone, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and the separate motion of the defendants Copy Right, Inc., Healthcare Information Services, Inc., and JMS Scanning and Copy Services, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them on the ground that it failed to state a cause of action.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true (*see Leon v Martinez,* 84 NY2d 83,

87-88 [1994]). The court must determine whether the alleged facts fit any cognizable legal theory (*see Cayuga Partners v 150 Grand,* 305 AD2d 527 [2003]). The standard is not whether the complaint states a cause of action, but whether the plaintiff has a cause of action (*see Leon v Martinez, supra* at 87-88).

The plaintiffs allege that the defendants violated CPLR 8001 (c) by charging more than 10 cents per page for photocopying subpoenaed medical records. The complaint also alleges, inter alia, that all of the named plaintiffs paid their respective bills for the photocopying costs, but does not allege that payment was made as a result of fraud, mistake of fact or law, or with protest. The Supreme Court properly granted the defendants' motions to dismiss the complaint, as the plaintiffs' voluntary payment of the photocopying charges, without any alleged fraud or mistake of material fact or law, bars recovery of the payments under the "voluntary payment doctrine" (*see Dillon v U-A Columbia Cablevision of Westchester,* 100 NY2d 525, 526 [2003]; *Westfall v Chase Lincoln First Bank,* 258 AD2d 299, 300 [1999]).

In view of the foregoing, we do not reach the parties' remaining contentions. Crane, J.P., Santucci, Spolzino and Dillon, JJ., concur.