(December 16, 2015)

■ AMEX DEVELOPMENT, LLC, Appellant, v ALJOHN GROUP, INC., Respondent. [23 NYS3d 255]—

In an action to recover damages for fraud and forgery, to impose a constructive trust, and to quiet title, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated October 9, 2013, which denied its motion for summary judgment on its causes of action to recover damages for forgery, to impose a constructive trust, and to quiet title, and pursuant to CPLR 3211 (a) (1) and (7) to dismiss the defendant's counterclaims.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the defendant's counterclaims, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover damages for fraud and forgery, to impose a constructive trust, and to quiet title. The plaintiff moved for summary judgment on its causes of action alleging forgery, to impose a constructive trust, and to quiet title, and pursuant to CPLR 3211 (a) (1) and (7) to dismiss the defendant's counterclaims. In support, the plaintiff submitted a deed that purportedly conveyed the subject real property from the defendant to it on September 11, 2009. The deed was signed by Andy Alege, as President and CEO of the defendant. The plaintiff also submitted a deed dated January 30, 2013, which purportedly conveyed the subject property from it back

to the defendant. This deed was also signed by Andy Alege, this time on behalf of the plaintiff.

In opposition, the defendant submitted the affidavit of Allan Johnson, a member of the defendant. Johnson stated that he and Edwina Kerr Johnson were the only two members of the defendant. He stated that Andy Alege was a member and officer of the plaintiff, and that no member of the defendant executed any deed conveying the subject property either from it to the plaintiff in 2009, or from the plaintiff to it in 2013.

The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.

The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the causes of action to recover damages for forgery and to quiet title. The plaintiff established, prima facie, that the 2013 deed, purportedly conveying the subject property from it to the defendant, was a forgery, and therefore void ab initio (see GMAC Mtge. Corp. v Chan, 56 AD3d 521, 522 [2008]). In opposition, however, the defendant raised a triable issue of fact as to whether the 2009 deed, purportedly conveying the subject property from it to the plaintiff, was also a forgery. This evidence raised a triable issue of fact as to whether the subject property had ever been conveyed to the plaintiff in the first place, and thus, whether the plaintiff sustained any damages from the alleged 2013 forgery.

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on its cause of action to impose a constructive trust. The elements for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance on that promise, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Henning v Henning, 103 AD3d 778, 780 [2013]; Marini v Lombardo, 79 AD3d 932, 933 [2010]). Here, the gravamen of the plaintiff's complaint is that the 2013 deed by which it purportedly conveyed the subject property was a forgery, and the plaintiff has made no allegation that it actually transferred the property and that such transfer was made in reliance upon a promise made by any representative of the defendant. Accordingly, the plaintiff failed to make a prima facie showing of its entitlement to summary judgment on its cause of action to impose a constructive trust (see Peebles v Peebles, 40 AD3d 1388, 1390 [2007]; Matter of Noble, 31 AD3d 643, 644-645 [2006]).

The Supreme Court erred, however, in denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a)

(7) to dismiss the defendant's counterclaims. The first counterclaim sought sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1 (c), and as the plaintiff correctly contends, "New York does not recognize a separate cause of action to impose sanctions" (*Greco v Christoffersen,* 70 AD3d 769, 771 [2010]). However, 22 NYCRR 130-1.1 (d) does state that "[a]n award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court's own initiative, after a reasonable opportunity to be heard." Thus, the defendant is not prohibited from moving for sanctions at an appropriate time.

The defendant's second counterclaim sought damages for malicious prosecution. An essential element of a cause of action to recover damages for malicious prosecution is that the action complained of terminated in favor of the party asserting the claim (*see Wildwood Estates v Lebert,* 276 AD2d 481 [2000]; *Ellman v McCarty,* 70 AD2d 150, 155 [1979]). Here, the defendant cannot demonstrate that this action has terminated in its favor, as the action is still pending (*cf. Chu v Greenpoint Bank,* 257 AD2d 589 [1999]).

Thus, the defendant's counterclaims should have been dismissed (*see generally* CPLR 3211 [a] [7]; *Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Morales v Copy Right, Inc.,* 28 AD3d 440, 441 [2006]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.