■ SUMMIT DEVELOPMENT CORP., Doing Business as SUMMIT WATERPROOFING & RESTORATION CO., Respondent, v INTERSTATE MASONRY CORP. et al., Appellants, et al., Defendant. [35 NYS3d 207]—

In an action to recover damages for fraud, the defendants Interstate Masonry Corp. and Janine Frantellizzi appeal from an order of the Supreme Court, Queens County (Taylor, J.), entered July 21, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability on the first and second causes of action.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the first and second causes of action is denied.

The plaintiff, a subcontractor on a construction project, entered into a contract with the defendant Interstate Masonry Corp. (hereafter Interstate), whereby Interstate agreed to perform certain masonry work on the project. The contract required Interstate, as a condition of receiving progress payments, to submit certified payroll reports that included a certification that all union benefits had been paid on behalf of Interstate's laborers on the project. Interstate submitted such certifications, which were signed by its president, Janine Frantellizzi, and the plaintiff tendered payment in reliance upon the certifications. However, the plaintiff later learned that more than $300,000 in union benefits had not been paid to the Bricklayers Fringe Benefits Fund in connection with the project. The nonpayment of union benefits is a subject of a related lawsuit involving the plaintiff and the general contractor on the construction project. In June 2011, the plaintiff commenced this action against Interstate and Frantellizzi (hereinafter together the appellants), among others, alleging fraud in the first and second causes of action. The plaintiff then moved for summary judgment on the issue of liability on the first and second causes of action. The Supreme Court granted the motion.

The elements of a cause of action to recover damages for fraud are a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff, and damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 892 [2015]).

Here, the plaintiff argues that the appellants' misrepresentations took two forms—preprinted representations on certified payroll reports that "in addition to the basic hourly wage rates . . . payments of [union] benefits . . . have been or will be made," and handwritten representations that union benefits were, in fact, paid. Regarding the preprinted forms, the plaintiff failed to demonstrate a prima facie case of fraud so as to satisfy its initial burden, as the evidence does not establish that at the time Frantellizzi signed the forms, she knew that the union benefits would not be paid in the future (*see Augustin v Park Slope Assoc. NY, LLC*, 120 AD3d 527 [2014]; *Furgang & Adwar, LLP v Fiber-Shield Indus., Inc.*, 27 AD3d 692 [2006]). As to the handwritten representations on the forms that the union benefits were paid, when, in fact, they were not, the plaintiff established a prima facie case for fraud. However, in opposition, the appellants raised a triable issue of fact as to whether the handwritten language was present at the time the

forms were signed or whether such language was added to the forms at a later time.

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability on the first and second causes of action. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.