In the Matter of THOMAS G. IMPERATO, Deceased. ANGELA AMENGUAL, as Executrix of THOMAS G. IMPERATO, Deceased, Respondent; ALFRED ZUCARO et al., Appellants. [53 NYS3d 661]—

In a probate proceeding in which the executrix of the estate of Thomas G. Imperato petitioned pursuant to SCPA 2103 for the turnover of certain funds on behalf of the estate, Alfred Zucaro and the Estate of Maria Zucaro appeal from a decree of the Surrogate's Court, Rockland County (Walsh II, S.), dated January 22, 2015, which granted the petitioner's motion for summary judgment on the petition and denied their cross motion for summary judgment dismissing the petition.

Ordered that the decree is modified, on the law, (1) by deleting the provision thereof granting the petitioner's motion for summary judgment on the petition, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of Alfred Zucaro and the Estate of Maria Zucaro which was for summary judgment dismissing the cause of action alleging conversion,

and substituting therefor a provision granting that branch of the cross motion; as so modified, the decree is affirmed, without costs or disbursements.

The petitioner, as executrix of the estate of Thomas G. Imperato (hereinafter the decedent), commenced this proceeding pursuant to SCPA 2103 against Alfred Zucaro (hereinafter Zucaro), among others, seeking the turnover of the sum of $137,501.22 on behalf of the decedent's estate. The petitioner alleged that in December 2003, Zucaro improperly took those funds from a Totten trust established for the benefit of the decedent. The petition essentially alleged causes of action sounding in fraud, conversion, and breach of fiduciary duty, and to impose a constructive trust.

The petitioner moved for summary judgment on the petition. Zucaro and the Estate of Maria Zucaro (hereinafter together the appellants) opposed the motion and cross-moved for summary judgment dismissing the petition. The Surrogate's Court granted the petitioner's motion and denied the appellants' cross motion. We modify.

To establish a cause of action sounding in fraud, a plaintiff must establish: (1) that the defendant made a misrepresentation or a material omission of fact which was false and which the defendant knew to be false; (2) that the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it; (3) that there was justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury (see *Lama Holding Co. v Smith Barney*, 88 NY2d 413 [1996]; *Northeast Steel Prods., Inc. v John Little Designs, Inc.*, 80 AD3d 585, 585 [2011]; *Shao v 39 Coll. Point Corp.*, 309 AD2d 850, 851 [2003]).

Here, the petitioner failed to meet her prima facie burden of establishing her entitlement to judgment as a matter of law on the cause of action alleging fraud. The petitioner failed to establish, prima facie, that Zucaro made a misrepresentation or material omission of fact which was justifiably relied upon by either the petitioner or the decedent (see *Summit Dev. Corp. v Interstate Masonry Corp.*, 140 AD3d 1152, 1153 [2016]). Accordingly, that branch of the petitioner's motion which was for summary judgment on the cause of action alleging fraud should have been denied, without regard to the sufficiency of the opposition papers (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Furthermore, the petitioner failed to meet her prima facie burden of establishing her entitlement to judgment as a matter of law on the causes of action alleging breach of fiduciary duty

and to impose a constructive trust (see Amex Dev., LLC v Aljohn Group, Inc., 134 AD3d 865, 866 [2015]; Cortes v 3A N. Park Ave. Rest Corp., 127 AD3d 909, 910-911 [2015]). Accordingly, those branches of the petitioner's motion which were for summary judgment on those causes of action should have been denied, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).

The Surrogate's Court properly denied that branch of the appellants' cross motion which was for summary judgment dismissing cause of action alleging fraud, as the appellants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing that cause of action. In support of that branch of the cross motion, the appellants established that $120,000 of the funds that Zucaro removed from the Totten trust were placed into his personal account and that he executed an interest-bearing promissory note dated December 4, 2003, in which Zucaro promised to pay the sum of $120,000 to the decedent "in trust for the Alfred Zucaro Revocable Trust." The term of the note was two years, and Zucaro made various monthly interest payments to the decedent during the two-year period. However, the decedent died prior to the expiration of the two-year period. According to Zucaro, since the decedent died before the expiration of the two-year period, the $120,000 principal was payable to the Alfred Zucaro Revocable Trust, and not the decedent's estate.

The evidence presented by the appellants in support of their cross motion revealed triable issues of fact, inter alia, as to whether Zucaro fraudulently withheld from the petitioner that, pursuant to the terms of the promissory note, if the decedent died prior to the expiration of the two-year period, the $120,000 principal would be payable to the Alfred Zucaro Revocable Trust, and not the decedent's estate (see Smith v Ameriquest Mtge. Co., 60 AD3d 1037, 1039 [2009]). Under these circumstances, the Surrogate's Court properly denied that branch of the appellants' cross motion which was for summary judgment dismissing the cause of action alleging fraud, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).

The appellants also failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the constructive trust and breach of fiduciary duty causes of action. With respect to the cause of action to impose a constructive trust, the appellants failed to meet their prima facie burden of demonstrating that they were not

unjustly enriched by Zucaro's conduct (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]; *Volodarsky v Moonlight Ambulette Serv., Inc.*, 122 AD3d 619, 620 [2014]). Furthermore, contrary to the appellants' contention, the six-year statute of limitations under CPLR 213 (8) applies to the cause of action alleging breach of fiduciary duty, since the allegations of fraud are essential to, and not merely incidental to, the breach of fiduciary duty cause of action (*see DiRaimondo v Calhoun*, 131 AD3d 1194, 1196-1197 [2015]). Since this turnover proceeding was commenced within the six-year statute of limitations, the breach of fiduciary duty cause of action is not time-barred. Accordingly, the Surrogate's Court properly denied those branches of the appellants' cross motion which were for summary judgment dismissing the constructive trust and breach of fiduciary duty causes of action, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

A cause of action alleging conversion must be commenced within three years of the alleged conversion (*see* CPLR 214 [3]; *Mariano v Fiorvante*, 118 AD3d 961, 962 [2014]). The appellants established, prima facie, that since the alleged conversion occurred in December 2003, and the petitioner did not commence this turnover proceeding until March 2007, the cause of action alleging conversion was time-barred. In opposition, the petitioner failed to raise a triable issue of fact. Accordingly, the Surrogate's Court should have granted that branch of the appellants' cross motion which was for summary judgment dismissing the cause of action alleging conversion. For the same reason, the court should have denied that branch of the petitioner's motion which was for summary judgment on the cause of action alleging conversion.

Finally, the parties' arguments with respect to the appellants' counterclaims are not properly before this Court. Neither the petitioner nor the appellants moved in the Surrogate's Court with respect to the counterclaims and, therefore, this Court may not search the record and award summary judgment with respect to those counterclaims (*see Rosenzweig v Friedland*, 84 AD3d 921, 926 [2011]; *State Farm Fire & Cas. Co. v Browne*, 12 AD3d 361, 362 [2004]).

The appellants' remaining contentions are without merit. Hall, J.P., Austin, Sgroi and Connolly, JJ., concur.