Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp. (2018 NY Slip Op 05568)





Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp.


2018 NY Slip Op 05568


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-10126
 (Index No. 602243/16)

[*1]Apple Air Conditioning & Appliance Service, Inc., doing business as Apple Air Conditioning and Heating, respondent, 
v
Apple Home Heating Corp., et al., appellants.


Tini Law P.C., Copiague, NY (Francesco P. Tini of counsel), for appellants.
Trainor, Hawthorne & Cristiano LLP, Massapequa Park, NY (Robert J. Cristiano of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to enjoin trade name and service mark infringement, the defendants appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered August 23, 2016. The order, insofar as appealed from, denied the defendants' cross motion to amend their answer to assert seven proposed counterclaims.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying the defendants' cross motion for leave to amend their answer to assert seven proposed counterclaims, and substituting therefor a provision granting the defendants' cross motion for leave to amend their answer to assert only the third, fourth, fifth, and sixth proposed counterclaims and otherwise denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
After the plaintiff was granted a preliminary injunction enjoining the defendants from using the name "Apple" in conjunction with their heating and air conditioning business (see Apple Air Conditioning & Appliance Serv., Inc. v Apple Home Heating Corp., ____ AD3d ____ [Appellate Division Docket No. 2016-06051; decided herewith]), the plaintiff moved to dismiss the counterclaim asserted in the defendants' answer, and the defendants cross-moved to amend their answer to assert seven new proposed counterclaims. The defendants appeal from so much of the order as denied their cross motion.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836 [internal quotation marks omitted]). Here, the plaintiff would not be prejudiced or surprised by the proposed amendments to the answer, and the issue is, therefore, whether the Supreme Court properly found that the seven proposed counterclaims in the amended answer were palpably insufficient and/or patently devoid of merit.
Leave to amend the answer to assert the first proposed counterclaim, which alleged "frivolous action," was properly denied as patently without merit, since New York does not recognize a separate cause of action alleging frivolous litigation (see Amex Dev., LLC v Aljohn [*2]Group, Inc., 134 AD3d 865, 867; Greco v Christofferson, 70 AD3d 769, 771). We also agree with the Supreme Court's determination to deny leave to amend the answer to assert the second proposed counterclaim, which alleged "unjust enrichment," as patently without merit. If the plaintiff succeeds in this action, it will not be against equity and good conscience to permit it to use the name "Apple" to the exclusion of the defendants (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). Leave to amend the answer to assert the seventh proposed counterclaim, which alleged trade libel, was properly denied as palpably insufficient and patently without merit. The proposed counterclaim failed to plead special damages, which are an element of that tort (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 105), and the allegedly libelous statements underlying the counterclaim were made in the context of this litigation, and are therefore absolutely privileged (see Rufeh v Schwartz, 50 AD3d 1002, 1004).
However, the Supreme Court improvidently exercised its discretion in denying leave to amend the answer to assert the third proposed counterclaim, which, liberally construed, asserts a cause of action to recover damages for fraudulent registration of the plaintiff's service mark pursuant to General Business Law § 360-j, and is not palpably insufficient or patently devoid of merit. Moreover, the proposed fourth, fifth, and sixth counterclaims, which seek declaratory relief, while duplicative of denials in the answer, were nevertheless not palpably insufficient or patently devoid of merit, and leave to amend the answer to assert those counterclaims should have been granted.
The parties' remaining contentions are without merit.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court