GMP Fur Trade Fin., LLC v Brenner (2019 NY Slip Op 00858)





GMP Fur Trade Fin., LLC v Brenner


2019 NY Slip Op 00858


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-07740
2016-12752
 (Index No. 4859/11)

[*1]GMP Fur Trade Finance, LLC, respondent,
v
Dean Brenner, appellant, et al., defendants.


Mark E. Goidell, Garden City, NY, for appellant.
Allison M. Kourbage, P.C., Melville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Dean Brenner appeals from (1) an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered April 13, 2016, and (2) a judgment of the same court dated July 21, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of damages against the defendant Dean Brenner and denied the cross motion of the defendant Dean Brenner, made jointly with the defendant Harmon Levine, for a jury trial on the issue of damages. The judgment, insofar as appealed from, upon an order of the same court dated July 28, 2014, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant Dean Brenner, and upon the order entered April 13, 2016, is in favor of the plaintiff and against the defendant Dean Brenner in the total sum of $1,755,630.79.
ORDERED that the appeal from the order entered April 13, 2016, is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant Dean Brenner is denied, the order dated July 28, 2014, is modified accordingly, and so much of the order entered April 13, 2016, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of damages against the defendant Dean Brenner and denied the cross motion of the defendant Dean Brenner for a jury trial on the issue of damages is vacated; and it is further,
ORDERED that one bill of costs is awarded to the defendant Dean Brenner.
The appeal from the order entered April 13, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action against Dean Brenner, Harmon Levine, and others to recover damages for breach of fiduciary duty, breach of contract, conversion, and fraud. The plaintiff moved, inter alia, for summary judgment on the issue of liability insofar as asserted against the defendant Dean Brenner, alleging that he had misappropriated funds and goods in connection with his servicing of four finance agreements into which the plaintiff had entered with nonparties. In an order dated July 28, 2014, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the breach of fiduciary duty cause of action insofar as asserted against Brenner.
Subsequently, with leave of court, the plaintiff moved for summary judgment on the issue of damages. Brenner and Levine cross-moved for a jury trial on the issue of damages. In an order entered April 13, 2016, the Supreme Court granted the plaintiff's motion and denied the cross motion, determining that the measure of damages was the original amount loaned by the plaintiff pursuant to the four finance agreements, plus statutory interest as of the date that the plaintiff entered into the finance agreements. The judgment dated July 21, 2016, inter alia, is in favor of the plaintiff and against Brenner in the total sum of $1,755,630.79. Brenner appeals.
In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct (see McSpedon v Levine, 158 AD3d 618, 621; Hoeg Corp. v Peebles Corp., 153 AD3d 607, 609; Guarino v North Country Mtge. Banking Corp., 79 AD3d 805, 807; Kurtzman v Bergstol, 40 AD3d 588, 590). Here, in moving for summary judgment on the issue of liability insofar as asserted against Brenner, the plaintiff relied primarily on an affidavit of its managing member, in which the managing member stated that he was told by certain nonparties that Brenner had misappropriated funds and goods. This hearsay evidence was insufficient to satisfy the plaintiff's burden of establishing its prima facie entitlement to judgment as a matter of law on the breach of fiduciary duty cause of action insofar as asserted against Brenner (see Town of Fishkill v Turner, 60 AD3d 932, 933; Kramer v Oil Servs., Inc., 56 AD3d 730, 731; Wen Ying Ji v Rockrose Dev. Corp., 34 AD3d 253, 254). Additionally, the plaintiff could not sustain its prima facie burden by relying on unauthenticated bank records submitted through an attorney affirmation for the first time with its reply papers (see Poole v MCPJF, Inc., 127 AD3d 949, 949-950; DiLapi v Saw Mill Riv., LLC, 122 AD3d 896, 900; Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 879; Damas v Valdes, 84 AD3d 87, 96). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the breach of fiduciary duty cause of action insofar as asserted against Brenner.
The alternative grounds for affirmance presented by the plaintiff (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539) are without merit. The plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the breach of contract cause of action insofar as asserted against Brenner, as the plaintiff relied on hearsay evidence to establish the breach (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; MPEG LA, LLC v Audiovox Elecs. Corp., 84 AD3d 1189, 1190; McMahan v McMahan, 66 AD3d 970, 970). Similarly, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the conversion cause of action insofar as asserted against Brenner, as the plaintiff relied on the same hearsay evidence to establish Brenner's unauthorized assumption and exercise of the right of ownership over its funds and goods (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Finally, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the fraud cause of action insofar as asserted against Brenner, as the plaintiff failed to establish that Brenner made a misrepresentation upon which it justifiably relied (see id.; Matter of Imperato, 149 AD3d 1072, 1073).
In light of our determination, we need not reach the parties' contentions regarding damages.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court