Maspeth Fed. Sav. & Loan Assn. v Elizer (2021 NY Slip Op 05030)





Maspeth Fed. Sav. & Loan Assn. v Elizer


2021 NY Slip Op 05030


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-10478
 (Index No. 697/10)

[*1]Maspeth Federal Savings and Loan Association, appellant, 
v
Yeshiva Kollel Tifereth Elizer, etc., respondent, et al., defendants.


Mark L. Cortegiano, Middle Village, NY (Derek Piersiak and Diana J. Demirdjan of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Yehuda C. Morgenstern of counsel), for respondent



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 29, 2019. The order denied the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the counterclaims of the defendant Yeshiva Kollel Tifereth Elizer.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiff's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third counterclaims of the defendant Yeshiva Kollel Tifereth Elizer, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In June 2005, the plaintiff, Maspeth Federal Savings and Loan Association (hereinafter Maspeth), loaned the sum of $975,000 to the defendant Yeshiva Kollel Tifereth Elizer (hereinafter Yeshiva). The loan was memorialized in a bond and secured by a mortgage encumbering certain real property in Brooklyn.
In a letter dated December 4, 2009, Maspeth declared that Yeshiva was in default due to arrears in payment and that the entire debt was due and payable. Thereafter, Maspeth commenced this action to foreclose the mortgage. Yeshiva interposed an amended answer asserting three counterclaims, sounding in breach of contract, abuse of process, and malicious prosecution. Maspeth subsequently moved pursuant to CPLR 3211(a)(7) to dismiss Yeshiva's counterclaims for failure to state a cause of action. Yeshiva opposed the motion. In an order dated May 29, 2019, the Supreme Court denied Maspeth's motion. Maspeth appeals.
On a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7), the court "must accept as true the facts as alleged in the [pleading] and submissions in opposition to the motion, accord [the pleading party] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [internal quotation marks omitted]). "The essential elements of a breach of contract cause of action are the [*2]existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach" (Canzona v Atanasio, 118 AD3d 837, 838 [internal quotation marks omitted]). Applying these principles here, the allegations in Yeshiva's first counterclaim regarding Maspeth's course of conduct and improper acceleration of the mortgage debt sufficiently alleged a counterclaim to recover damages for breach of contract. Accordingly, the Supreme Court properly denied that branch of Maspeth's motion which was to dismiss Yeshiva's first counterclaim.
Nevertheless, the Supreme Court should have granted those branches of Maspeth's motion which were to dismiss Yeshiva's second and third counterclaims, sounding in abuse of process and malicious prosecution, respectively. To state a cause of action to recover damages for abuse of process, a party must allege the existence of (1) regularly issued process, (2) an intent to do harm without excuse or justification, and (3) the use of process in a perverted manner to obtain a collateral objective (see Curiano v Suozzi, 63 NY2d 113, 116; Ettienne v Hochman, 83 AD3d 888). Here, Yeshiva failed to allege any actual misuse of the process to obtain an end outside its proper scope (see Hornstein v Wolf, 67 NY2d 721, 723; see generally Marine Midland Bank v Village Latch, 123 AD2d 605). Moreover, "[t]he elements of the tort of malicious prosecution of a civil action are (1) prosecution of a civil action against the plaintiff, (2) by or at the instance of the defendant, (3) without probable cause, (4) with malice, (5) which terminated in favor of the plaintiff, and (6) causing special injury" (Teller v Galak, 162 AD3d 959, 960 [internal quotation marks omitted]). Here, Yeshiva failed to adequately allege malice on the part of Maspeth in commencing the action, a termination of the action in favor of Yeshiva, or the requisite special injury (cf. Sapienza v Notaro, 172 AD3d 1418; see generally Hornstein v Wolf, 67 NY2d at 723; Amex Dev., LLC v Aljohn Group, Inc., 134 AD3d 865, 867).
MASTRO, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court