Matter of Rodriguez (2025 NY Slip Op 03415)

Matter of Rodriguez

2025 NY Slip Op 03415

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

191 CA 24-00793

[*1]ALEJANDRO RODRIGUEZ, DECEASED, SPONDENT; ELIZABETH RODRIGUEZ, ALEX RODRIGUEZ, MARIBEL RODRIGUEZ, ALEJANDRO RODRIGUEZ, JR., AND JUAN RODRIGUEZ, OBJECTANTS-APPELLANTS. 

BRENNA BOYCE, PLLC, HONEOYE FALLS (DAVID C. SIELING OF COUNSEL), FOR OBJECTANTS-APPELLANTS. 
PULLANO & FARROW, PLLC, EAST ROCHESTER (CHRISTIAN VALENTINO OF COUNSEL), FOR PETITIONER-RESPONDENT.

 Appeal from an order and decree (one paper) of the Surrogate's Court, Monroe County (Christopher S. Ciaccio, S.), entered November 1, 2023. The order and decree granted the motion of petitioner for summary judgment dismissing the objections of objectants and admitted to probate the will of decedent. 
It is hereby ORDERED that the order and decree so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: In this probate proceeding, objectants appeal from an order and decree that granted petitioner's motion for summary judgment on the petition and admitted to probate the will of Alejandro Rodriguez (decedent). We reverse.
We agree with objectants that Surrogate's Court erred in granting the motion inasmuch as petitioner failed to meet her initial burden on the motion. "Summary judgment is rare in a contested probate proceeding" (Matter of Linich, 213 AD3d 1, 3-4 [3d Dept 2023] [internal quotation marks omitted]), and "is inappropriate in any case where there are material issues of fact" (Matter of Pollock, 64 NY2d 1156, 1158 [1985]). Here, viewing the evidence in the light most favorable to the non-moving party, as we are required to do (see Jacobson v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]), we conclude that the evidence submitted by petitioner in support of her motion raises triable issues of fact with respect to decedent's testamentary capacity, his testamentary intent, and whether the will was the product of fraud or undue influence, without regard to the sufficiency of the opposing papers.
With respect to decedent's testamentary capacity and intent, the Surrogate correctly noted that "[a] will is presumed to have been properly executed where . . . the execution was supervised by the attorney who drafted the will" (Matter of Pilon, 9 AD3d 771, 772 [3d Dept 2004]). Nevertheless, other evidence submitted by petitioner—including sworn testimony and medical records—raised triable issues of fact with respect to both decedent's intent and his testamentary capacity, requiring denial of the motion without regard to the sufficiency of the opposing papers (see generally Matter of Imperato, 149 AD3d 1072, 1073 [2d Dept 2017]). The Surrogate erred in resolving those inconsistencies by crediting the testimony of the attorneys who prepared and supervised the execution of the will (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).
With respect to whether the will was the product of fraud or undue influence, on this motion, petitioner bore the burden of establishing the absence of any material fact requiring trial [*2](see Matter of Rozof, 219 AD3d 1428, 1429 [2d Dept 2023]; Imperato, 149 AD3d at 1073) and, as we have repeatedly stated in other contexts "a party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof" (Brady v City of N. Tonawanda, 161 AD3d 1526, 1527 [4th Dept 2018] [internal quotation marks omitted]; see George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [4th Dept 1992]). Inasmuch as petitioner merely pointed to gaps in objectants' potential proof at trial, petitioner failed to meet her initial burden.
Even assuming, arguendo, that petitioner met her initial burden on the motion, we conclude that objectants' submissions in opposition to the motion raised triable issues of fact precluding summary judgment.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court